*522 Wachtler, J.
The defendant corporation has 'been convicted of two counts of obscenity (Penal Law, § 235.05) for showing the film “ Deep Throat ” at a Times Square theatre owned by the corporation. A fine of $100,000 has been imposed for the two class A misdemeanor convictions.
The defendant does not dispute the finding that the film is obscene within the meaning of section 235.05 of the Penal Law, nor does it challenge the constitutionality of the statute. Those questions are not now before us. This appeal raises two primary issues: (1) whether under the State Constitution (art. I, § 2) as interpreted in People v. L. A. Witherill, Inc. (29 N Y 2d 446) the defendant corporation was entitled to a jury trial and (2) whether the fine imptised exceeds the amount permitted by section 80.10 (subd. 1, par. [e]) of the Penal Law. We have concluded that the conviction should be affirmed but the fine must bé reduced.
The convictions were based on two informations filed in September, 1972 by New York City police officers. In the first information, signed by Patrolman Sullivan on September 8,1972, the defendant was charged with promoting the alleged obscene material “ on August 17, 1972 at about 1750 to 1850 hours at [the] World Theatre.” In the second information, signed September 25, 1972, another officer, Patrolman Buhler states that he observed the film at the same location “ on August 29, 1972 at about 2 p.m.” The defendant did not deny showing the film at the place and times alleged, and the only disputed point was whether it was obscene. On this issue the defendant requested a jury trial which was denied. This was briefly followed by an article 78 proceeding in which defendant unsuccessfully sought an order prohibiting the court from proceeding with the trial. The Appellate Division denied a stay and the trial was held without a jury in December, 1972. As indicated the defendant claims, inter alia, that this procedure violated its right to a jury trial guaranteed by section 2 of article I of the New York State Constitution as recently interpreted by the court in People v. L. A. Witherill, Inc. (supra). We disagree.
The constitutional provision relied upon guarantees a jury trial in all forfeiture proceedings, and, according to Witherill (p. 450), in all “ criminal proceedings * * * [which are] *523 tantamount to forfeiture proceedings In that case the defendant was an incorporated department store which had been charged and convicted of violating the Sabbath Laws (General Business Law, §§ 2, 3, 9). We noted that under section 12 of that statute all goods offered for sale were automatically subject to forfeiture upon conviction and that the criminal court itself had the power to direct the forfeiture. Although the trial court there had not in fact imposed that sanction, we held that: its power to do so was sufficient to trigger the defendant’s rights under section 2 of article I of the State Constitution.
The defendant urges that this reasoning is applicable here since section 410.00 óf the Penal Law entitled “ Seizure and forfeiture of equipment used in promoting pornography ’ ’ provides that “ [a]ny peace officer of this state may seize any equipment used in photographing, filming, printing, producing, manufacturing or projecting of pornographic still or motion pictures ”. (Penal Law, § 410.00, subd. 1.) This argument however overlooks the fact that before a forfeiture may be directed under this statute, “ the institution of proceedings in the supreme court is necessary ” (Penal Law, § 410.10, subd. 3). Thus the criminal court is not empowered to adjudge a forfeiture as an incident to conviction and the right to a jury trial guaranteed by section 2 of article I of the State Constitution does not come into play since here the criminal proceedings are not “ tantamount to forfeiture proceedings ”. The court then properly tried the case without a jury, and as indicated the defendant was found guilty in March, 1973.
In fixing punishment the court assessed a fine. Since the defendant is a corporation, a sentence including a period of incarceration would, of course, be meaningless (People v. L. A. Witherill, Inc., 29 N Y 2d 446, supra). Thus, resorting to the only available penal sanction (see Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 80.10) the court imposed the fine pursuant to section 80.10 of the Penal Law. Under that section, applicable only to corporate defendants, the court has the option of either imposing a fine based on a fixed dollar amount ($5,000 for each conviction of a class A misdemeanor; Penal Law, § 80.10, subd. 1, par. [b]) or may assess a penalty based on the amount of the defendant’s profit *524 realized from (the crime which, according to the statute, may include “ Any higher amount not exceeding double the amount of the corporation’s gain from the commission of the offense ” (Penal Law, § 80.10, subd. 1, par. [e]). Here the court chose the latter course, and pursuant to CPL 400.30, held a hearing to determine the amount of the gain.
At the hearing it was determined that the defendant’s gain from each offense was less than $5,000; however the People showed that the film actually ran for 37 weeks and a total profit in excess of $100,000 was realized. Expressly relying on the amount of total profit the court imposed a fine of $100,000. In our view this was error.
The statute provides that the maximum fine for any conviction must not exceed “ double * * * the corporation’s gain from * * * the offense.” (Penal Law, § 80.10, subd. 1, par. [e]). In this case the defendant was convicted of two offenses committed on two different dates in August, 1972. It is the profit from these offenses — from showing the film on these two dates — which must be used in determining the maximum penalty authorized by law. The defendant was not convicted of any other offenses, and no other offenses were charged. In fining the defendant for the profit allegedly made on other dates, the court went beyond the legal maximum* and penalized the defendant for committing crimes which were neither charged nor proven at the trial. It is fundamental to our jurisprudence that a defendant may not be convicted of offenses for which he has not been charged. (Cole v. Arkansas, 333 U. S. 196.) It would seem to be even more fundamental that he should not be punished for crimes for which he was neither charged nor convicted.
Accordingly, the order of the Appellate Term should be modified and the case remitted to the trial court for resentence and, as so modified, affirmed.

 This, we note, is not a ease where the court merely considered other derelictions -in deciding whether to impose the maximum penalty (see, e.g., Williams v. New York, 337 U. S. 241, affg. 298 N. Y. 803; cf. People v. Peace, 18 N Y 2d 230). Here the sentencing court went far beyond that.