■ Louis Brechman, as Administrator, Appellant, v Jacob Finkelstein et al., Defendants. Harold Sylvan, Respondent.—The respective attorneys on this appeal (for plaintiff's former attorney and plaintiff's present attorneys) from an order of the Supreme Court, Queens County, entered July 1, 1975, have agreed by stipulation dated October 8, 1975, after a conference before Mr. Justice Gittleson on said date, that said order be modified by (1) deleting that portion of the decretal paragraph thereof which fixed the fee of the withdrawing attorney at 20% "of the net attorney's fee, plus disbursements" and (2) substituting therefor a provision that the fixing of the fee of the withdrawing attorney shall be deferred until the conclusion of the case, whether by trial or settlement, at which time, upon notice, a hearing shall be held before a Justice of the Supreme Court, Kings County, to determine the fee of the withdrawing attorney based upon a percentage of the net fee of the substituted attorneys. In accordance with the foregoing, the order is modified as so provided in said stipulation, and the order is affirmed as so modified, without costs. Gulotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.

■ Arthur Butts, Appellant, v Bessie E. Butts, Respondent.—In an action for divorce, plaintiff appeals from a judgment of the Supreme Court, Queens County, dated September 4, 1974, in favor of the defendant wife, upon the trial court's dismissal of the complaint at the close of plaintiff's case, during a nonjury trial. Judgment affirmed, with costs. Under the facts and circumstances of this case, it cannot be said that defendant abandoned plaintiff. The parties concededly came to an agreement regarding support. In our view, this agreement, and plaintiff's adherence to its terms, as well as his failure to attempt any reconciliation after he left home, all manifest his willing departure from the marital abode. There is no abandonment by the wife in such circumstances. As was stated in *Schine v Schine* (31 NY2d 113, 119), "The conduct of a spouse to constitute abandonment must be unjustified and without the consent of the other spouse". Gulotta, P. J., Rabin, Hopkins, Latham and Margett, JJ., concur.