James F. Niehoff, J.
The defendant County of Nassau moves this court for an order pursuant to CPLR 3211 (subd a, pars 2, 5, 7) dismissing the plaintiffs’ complaint upon the grounds that the court lacks jurisdiction over the subject matter of this litigation, that the complaint fails to state a cause of action against the defendant, and that the action is barred by the Statute of Limitations.
This action has been brought by the plaintiffs based upon the alleged malpractice of certain employees of the Nassau County Medical Center. The incident which gives rise to the lawsuit occurred on January 7, 1976 when it is claimed that personnel employed by the Nassau County Medical Center failed to remove an intrauterine device (IUD) from the plaintiff Mary Philipson Darragh before inserting a second IUD.
Plaintiffs served their notice of claim on January 18, 1977 and commenced this action by service of a summons and complaint on May 13, 1977. In both the notice of claim and the complaint the plaintiffs state that they first learned that the first IUD had been left in Mary Philipson Darragh on November 11, 1976.
On the present motion to dismiss the complaint defendant contends (1) that the plaintiffs failed to file their notice of claim within 90 days of the alleged malpractice (General Municipal Law, § 50-e) and, (2) that the action was not commenced within one year and 90 days of the happening of the *54 event upon which the claim is based. In opposition to the motion, plaintiffs assert that the foreign objects rule is applicable to this case (see CPLR 214-a) as a consequence of which they have timely served the notice of claim and have timely initiated this action.
It is clear from the complaint that the date of the alleged act of malpractice was January 7, 1976, the date on which an IUD was inserted into plaintiff’s uterus while she was a patient at the Nassau County Medical Center and a previously inserted IUD was allegedly not removed. While as a general rule a cause of action based upon the theory of medical malpractice accrues when the last act of malpractice is performed (Conklin v Draper, 254 NY 620), an exception to that rule exists in cases dealing with foreign objects wherein the cause of action accrues when the foreign object is discovered (Flanagan v Mt. Eden Gen. Hosp., 24 NY2d 427).
The defendant County of Nassau argues against the applicability of the foreign object rule on three grounds, to wit (1) that the complaint alleges negligent diagnosis or treatment, (2) that an IUD is not a foreign object, and (3) that the foreign object rule does not apply to the facts at bar because there is a danger of a false or frivolous claim.
In support of its contention that plaintiffs’ complaint alleges negligent diagnosis or treatment, the defendant County of Nassau relies on the case of McQueen v County of Nassau (83 Misc 2d 865). In the opinion of the court the holding in McQueen (supra) is not apposite and does not preclude the application of the foreign object rule to the facts of the case at bar.
In support of its contention that an IUD is not a foreign object, the defendant County of Nassau relies on the definitions set forth in CPLR 214-a. CPLR 214-a which became effective on July 1, 1975 deals with the subject of the accrual of causes of action based upon the theory of medical malpractice and provides that the "term 'foreign object’ shall not include a chemical compound, fixation device or prosthetic aid or device.” Stedman’s Medical Dictionary defines fixation, in relevant part, as the "condition of being fixed or firmly attached or set.” Inasmuch as an IUD is fixed within the woman’s body it would seem to fall within the definition of a "fixation device” and, therefore, not be classifiable as a "foreign object” to which the Flanagan discovery rule applies. But, can that be said to be the case where an IUD which *55 should be removed is left in the body and a second IUD is inserted?
It seems to the court that CPLR 214-a was intended to exclude from the definition of "foreign objects” such devices as are deliberately placed in the body (presumably with the patient’s knowledge and consent) and are intended to be left therein for a purpose for some period of time. Where that is the case the object or device is not "foreign” — it has been intentionally placed in the body and, in a sense, can be said to belong there by the consent of the patient. However, the court is hard pressed to perceive how two IUDs can be said to belong in the body. Stated somewhat differently, it seems to the court that when the second IUD was placed in the plaintiff’s body the first IUD became, or took on the character of, a "foreign object” because it then had no function to perform, no longer belonged in the body, and should have been removed as expected by the patient. Accordingly, it is the decision of this court that the "foreign objects” exception is applicable to the facts of the case at bar and that the notice of claim served within 90 days of the alleged discovery date was timely served.
While section 50-e (subd 1, par [a]) of the General Municipal Law speaks in terms of "after the claim arises”, section 50-i of the General Municipal Law requires commencement of an action "within one year and ninety days after the happening of the event upon which the claim is based”. The difference in wording gives rise to the following question: Does the postponement of the accrual date of a cause of action by virtue of the foreign objects rule extend the time in which an action may be commenced against a municipality? In the opinion of the court that question must logically be answered in the affirmative. Consequently, an action commenced within one year and 90 days of the alleged discovery date of a foreign object is timely. The action herein was commenced within seven months of the date of discovery. Hence, it is timely.
The final contention of the defendant County of Nassau is to the effect that the foreign objects rule does not apply to the facts of this case because there is a danger of a false or frivolous claim. Specifically, the defendant claims that since the object in question was inserted in an open part of the plaintiff’s body there is no way of substantiating the plaintiff’s claim and that for such reason the foreign objects rule is not applicable to this case. One would think that plaintiffs’ attor *56 ney when confronted with such a claim would have thought to submit an affidavit from the plaintiff as well as the physician who allegedly found the two IUDs in order to dilute such a claim. However, that has not been done.
It is true that one of the major justifications of the foreign objects rule is that there is little or no danger of belated false or frivolous claims where surgery must be performed to remove the foreign object (which is not the case here) (Flanagan v Mt. Eden Gen. Hosp., 24 NY2d 427, 450, supra), and while the court is distressed by the total lack of evidence or documentation to support plaintiffs’ claim of malpractice, the issue of whether the claim is false should be determined by the trier of the facts. The court is not prepared to rule that because of the possibility of fraud that plaintiffs’ claim should be dismissed out of hand.
Accordingly, this motion by the defendant County of Nassau to dismiss the complaint is denied.