■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANLIO SEVERINO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Putnam County, rendered November 9, 1977, convicting him of offering a false instrument for filing in the first degree and grand larceny in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed and case remitted to the Supreme Court, Putnam County, for further proceedings pursuant to CPL 460.50 (subd 5). Defendant was the business manager of the Kent Nursing Home, which was owned by his wife and son. Defendant pleaded guilty to having filed a fraudulent application for Medicaid reimbursement by listing certain expenditures as having been incurred in connection with the furnishing of patient care, when in fact the expenditures had not been so incurred. A hearing was held to determine the precise amount of the overpayment which resulted from the fraudulent entries so that an appropriate fine could be imposed (see Penal Law, § 80.00; CPL 400.30). The proof adduced thereat showed an overpayment to the Kent Nursing Home of $63,384.36. The novel question present on this appeal is whether that amount can be deemed to be the defendant's gain within the meaning of subdivision 2 of section 80.00 of the Penal Law, as that provision read prior to September 1, 1977, the effective date of its amendment (see L 1977, ch 352). That subdivision provided, in pertinent part, that "a fine for a felony shall be a sentence to pay an amount, fixed by the court, not exceeding double the amount of the *defendant's gain* from the commission of the crime" (emphasis supplied). We agree with the decision at Criminal Term that, as a matter of statutory construction and public policy, a gain to a third party of the defendant's choice constitutes "the defendant's gain" under the statute (see *People v Severino,* 91 Misc 2d 898). This result is especially warranted where, as here, the defendant has close ties to the one who has received the benefit. We have considered the appellant's other arguments and find them to be without merit. Damiani, J. P., Titone, Rabin and Cohalan, JJ., concur. [91 Misc 2d 898.]

■ MARY P. DARRAGH et al., Respondents, v COUNTY OF NASSAU, Appellant.—In a medical malpractice action, defendant appeals from an order of the Supreme Court, Nassau County, entered July 26, 1977, which denied its motion to dismiss the complaint. Order affirmed, without costs and disbursement, on the opinion of Mr. Justice Niehoff at Special Term. Mollen, P. J., Latham, Suozzi, Gulotta and Cohalan, JJ., concur. [91 Misc 2d 53.]

■ LESTER DOGGETT, Plaintiff, v LUIS CASTRO et al., Respondents. (Action No. 1.) JESSE SAXON, Appellant, v JULIO CASTRO et al., Respondents. (Action No. 2.)—Appeal from an order of the Supreme Court, Kings County, dated June 1, 1977, dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order of the same court, dated August 12, 1977, affirmed, without costs or disbursements. No opinion. Hopkins, J. P., Damiani, Titone and Rabin, JJ., concur.