■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK EASON, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously affirmed (see *People v Parker,* 41 NY2d 21). (Appeal from judgment of Wyoming Supreme Court—habeas corpus.) Present—Dillon, P. J., Cardamone, Hancock, Jr., Callahan and Witmer, JJ.

■ CHARLENE W. McNAIR, Respondent, v HUGH R. McNAIR, Appellant. —Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: The parties were the owners of a matrimonial residence as tenants by the entirety. The trial court granted a dual divorce upon its finding that both parties were guilty of cruel and inhuman treatment. Defendant appeals only from the judgment's fourth decretal paragraph which awarded plaintiff exclusive possession of the premises and directed defendant to convey his interest therein to plaintiff. Respondent concedes on appeal that the fourth decretal paragraph must be vacated but urges that her complaint sets forth allegations sufficient to state a cause of action for the imposition of a constructive trust upon the premises and that the matter should be remitted to the trial court for further proceedings thereon. In the interest of judicial orderliness, we decline to do so. The complaint did not affirmatively seek such relief. This appeal is on a shortened record and the parties stipulated that no part of the trial testimony should be submitted. Thus we are unable to determine whether there was any proof which could have prompted the trial court to evaluate the equitable considerations essential to the imposition of a constructive trust (see *Simonds v Simonds,* 45 NY2d 233; *Sharp v Kosmalski,* 40 NY2d 119). While the fourth decretal paragraph of the judgment must be vacated (see *Hessen v Hessen,* 33 NY2d 406, 410-411; *Schwatzman v Schwatzman,* 62 AD2d 988; Domestic Relations Law, § 236), plaintiff is granted leave to bring an action to impose a constructive trust, if so advised. (Appeal from judgment of Monroe Supreme Court—divorce.) Present—Dillon, P. J., Cardamone, Hancock, Jr., Callahan and Witmer, JJ.

■ AETNA LIFE AND CASUALTY CO., Appellant, v THADDEUS CHOINSKI, Individually and as Parent and Natural Guardian of JAMES CHOINSKI, an Infant, et al., Respondents.—Judgment unanimously affirmed, with costs, on the memorandum at Special Term, Ostrowski, J. (see, also, *McGroarty v Great Amer. Ins. Co.,* 36 NY2d 358, 363; *Michigan Millers Mut. Ins. Co. v Christopher,* 66 AD2d 148, 151-152). (Appeal from judgment of Erie Supreme Court—declaratory judgment.) Present—Dillon, P. J., Cardamone, Hancock, Jr., Callahan and Witmer, JJ.

■ ROSE M. FALSO, Respondent, v GEORGE E. FALSO, Appellant.—Order unanimously reversed, without costs, and motion denied. Memorandum: The order appealed purports to modify the terms of a property settlement agreed upon by the parties in their prior divorce action. Nothing in plaintiff's moving papers, however, alleges fraud, mistake or undue influence warranting that relief. (Appeal from order of Oneida Supreme Court—appraisal of marital residence.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ.