■ JOSEPH A. DI BELLO, Appellant, v ANGELA N. DI BELLO, Respondent. —Appeal by the petitioner father from an order of the Family Court, Orange County, dated November 15, 1979, which, after a hearing, dismissed his petition seeking a change of custody. Order affirmed, without costs or disbursements. The Family Court properly dismissed the petition because there was no material change of circumstances warranting a transfer of custody from the mother to the father (see *Matter of Ebert v Ebert,* 38 NY2d 700). Petitioner was afforded a full and adequate hearing at which he failed to sustain his burden of showing why a change of custody was necessary. A reading of the record reveals that the Family Court Judge considered and weighed all of the factors, including the best interests of the children and the fitness of the respective parties as parents, and made his ruling after a thoughtful analysis thereof. Mollen, P. J., Lazer, Cohalan and Margett, JJ., concur.

■ ETHEL FAMULARE et al., Respondents, v HUNTINGTON HOSPITAL, Defendant, and MICHAEL S. MAMAKOS, Appellant.—In an action to recover damages for medical malpractice, defendant Mamakos appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Suffolk County, dated August 29, 1979, as denied his motion for summary judgment dismissing the complaint as barred by the Statute of Limitations and (2) an order of the same court dated November 28, 1979, as, upon reargument, adhered to its original determination. Appeal from order dated August 29, 1979 dismissed. The order was superseded by the order dated November 28, 1979. Order dated November 28, 1979 reversed insofar as appealed from, on the law, order dated August 29, 1979 vacated insofar as it denied appellant's motion, said motion granted and complaint dismissed. The appellant is awarded one bill of $50 costs and disbursements payable by the respondents. Special Term erred in holding that a fragment of a broken tooth left remaining in the lip of plaintiff Ethel Famulare (hereinafter plaintiff) constituted a "foreign object" for purposes of tolling the Statute of Limitations in medical malpractice actions within the meaning of the rule enunciated in *Flanagan v Mount Eden Gen. Hosp.* (24 NY2d 427). In the recent case of *Ferrante v Lee* (75 AD2d 728), this court refused to apply the *Flanagan* rule where a portion of the root of a tooth had been negligently left by a surgeon who had excised a tumor (see, also, *Florio v Cook,* 48 NY2d 792; *Matter of Smalls v New York City Health & Hosps. Corp.,* and *Merced v New York City Health & Hosps. Corp.,* 44 NY2d 398; *O'Leary v Williamsburgh Gen. Hosp.,* 78 AD2d 541). Moreover, since there was no allegation in the complaint—or at any time subsequent—that the appellant willfully intended to defraud or mislead the plaintiff concerning her condition, plaintiffs' claim that he should be estopped from asserting the Statute of Limitations as a defense must be rejected (see *Florio v Cook, supra; Immediate v St. John's Queens Hosp.,* 48 NY2d 671; cf. *Simcuski v Saeli,* 44 NY2d 442). Damiani, J. P., Gibbons, Rabin and Margett, JJ., concur.