■ Dolores Ooft, Respondent, v City of New York et al., Appellants. — In a medical malpractice action, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County, entered June 24, 1980, as struck two of their affirmative defenses. Order modified, on the law, by deleting the provision striking the affirmative defense of failure to file a timely notice of claim and Statute of Limitations, and substituting a provision denying plaintiff's motion to strike that defense. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The plaintiff seeks to recover damages allegedly sustained by her when the employees of the defendants inserted an intrauterine device (IUD) in her body without removing an IUD which had been inserted sometime earlier. A notice of claim was served on the defendants on August 28, 1979. The action was commenced on December 31, 1979, by the service of a summons and complaint. Assuming the truth of the facts asserted in the complaint, it appears that when the second IUD was inserted, the first became a "foreign object" in her body (see *Darragh v County of Nassau,* 63 AD2d 1010). Accordingly, the plaintiff's malpractice claim accrued when the plaintiff discovered, or should have discovered, the presence of the first IUD (see CPLR 214-a; *Flanagan v Mount Eden Gen. Hosp.,* 24 NY2d 427). The plaintiff's notice of claim was timely only if served within 90 days of the date on which the claim accrued (see General Municipal Law, § 50-e). Similarly, the action must be considered time barred unless it was commenced within one year and 90 days of that date. The determination of a "discovery date" in this case is an issue which can be ascertained primarily, if not exclusively, from plaintiff's knowledge and should be resolved by the trier of fact. Accordingly, under the instant circumstances, we find that the affirmative defense of failure to file a timely notice of claim and Statute of Limitations should not have been stricken on the papers submitted. Insofar as the complaint, on its face, states a valid cause of action, the defendants' second

affirmative defense, which is addressed to the sufficiency of the pleading, was properly stricken. Titone, J.P., Rabin, Margett and Weinstein, JJ., concur. [104 Misc 2d 879.]