■ ACHILLE TAGLIASACCHI, Appellant, v PHYLLIS L. TAGLIASACCHI, Respondent. (Action No. 1.) PHYLLIS L. TAGLIASACCHI, Respondent, v ACHILLE TAGLIASACCHI, Appellant. (Action No. 2.) — In consolidated actions for divorce, the husband (plaintiff in Action No. 1 and defendant in Action No. 2) appeals from an order of the Supreme Court, Suffolk County (Geiler, J.), dated September 16, 1980, which, *inter alia,* denied the branch of his motion which sought to dismiss his wife's cause of action for divorce on the ground of abandonment. Order modified, on the law, by adding thereto, after the word "denied", the following: "except that the branch of the husband's motion seeking dismissal of the wife's cause of action for divorce on the ground of abandonment is granted." As so modified, order affirmed, without costs or disbursements. The parties concede that on May 19, 1978 they executed a separation agreement. Although the wife asserts that the agreement does not comply with section 5-311 of the General Obligations Law, it is undisputed that the agreement had been entered into voluntarily. Consequently the separation of the parties from that date forward was consensual and the cause of action alleging abandonment commencing on or about May 1, 1978 must be dismissed (see Domestic Relations Law, § 170, subd [2]; *Butts v Butts,* 50 AD2d 584). Mollen, P. J., Damiani, Gibbons and Thompson, JJ., concur.

■ LEONARD TRUSHKOWSKY Respondent, v IRIS TRUSHKOWSKY, Appellant. — In a matrimonial action, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Richmond County (Goldberg, J.), dated June 13, 1980, as, after a nonjury trial, awarded plaintiff custody of the infant issue of the marriage and exclusive occupancy and possession of the marital premises. Judgment modified, on the law, by deleting the decretal paragraph granting plaintiff exclusive occupancy and possession of the marital premises and substituting a provision denying him exclusive occupancy and possession. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The judgment appealed from granted defendant a divorce on the ground of constructive abandonment by the plaintiff. Exclusive occupancy of the marital premises may not be awarded to a spouse against whom a divorce has been granted on fault grounds (see *Stauble v Stauble,* 72 AD2d 581; *Votta v Votta,* 40 AD2d 532). This rule has been applied in cases of dual divorce, judgments such as the one at bar (see *Schwatzman v Schwatzman,* 62 AD2d 988; *Kaplan v Kaplan,* 66 AD2d 834; *McNair v McNair,* 75 AD2d 1016). Special Term properly awarded custody of the infant issue of the marriage to plaintiff after a full hearing and consideration of all relevant factors (see *Di Bello v Di Bello,* 78 AD2d 547). The court committed no abuse of discretion warranting setting aside of the custody award (see *Matter of Richards v Richards,* 78 AD2d 943). Mollen, P. J., Damiani, Gibbons and Thompson, JJ., concur.

■ LORRAINE VAN ETTEN, Appellant, v STATE OF NEW YORK, Respondent. — Judgment of the Court of Claims, entered March 24, 1980, upon a claim which accrued in Nassau County, affirmed, without costs or disbursements, for the reasons set forth in the decision of Judge Rossetti. Lazer, J.P., Gulotta, Margett and Bracken, JJ., concur.