OPINION OF THE COURT
John R. Tenney, J.
In this medical malpractice action, defendant has moved for an order dismissing the plaintiffs’ complaint on the ground that the action is barred by the applicable Statute of Limitations of CPLR 214.
The facts are not in dispute. In June, 1970, Dr. George Couch, who is not a party to this action, implanted an IUD in the plaintiff’s uterus. Subsequently, plaintiff came under the care of the defendant Ball who treated plaintiff for the birth of her second child on December 5, 1971, and thereafter through November 24, 1975. Dr. Ball advised Mrs. Dunaway on July 27, 1971, that the IUD previously implanted by Dr. Couch had either already been spontaneously expelled or that it would be upon delivery of plaintiff’s second child.
In fact, the IUD remained implanted until October 10, 1978, when it was surgically removed. This action was commenced by service of a summons with notice on February 22,1980, almost nine years after the birth of plaintiff’s second child but well within three years from discovery of the alleged malpractice. Plaintiff claims that it is the later date which is controlling.
*410 Assuming, arguendo, that Dr. Ball’s failure to do something about the IUD in 1971, constitutes malpractice, it is not malpractice involving a foreign object as contemplated by Flanagan v Mount Eden Gen. Hosp. (24 NY2d 427). In Flanagan, the foreign object (surgical clamp) was placed in the plaintiff’s body without the intent that it remain there (see, also, Weber v Scheer, 58 AD2d 520; Cooper v Edinbergh, 75 AD2d 757; Matter of Soto v Greenpoint Hosp., 76 AD2d 928). Here, the “foreign object” was already in the body at the time of the alleged malpractice, and the defendant was not involved in its. implantation.
In Matter of Soto v Greenpoint Hosp. (supra), defendant’s employees examined plaintiff in 1973 but failed to discover a small toy lodged in the boy’s esophagus, and it was not discovered until 1976. The action was commenced in 1978 and was subsequently dismissed as untimely by the Appellate Division. In so holding, the court stated (supra, p 929) that: “Although the malpractice in the case at bar, loosely speaking, involves a foreign object, it does not come within the ‘foreigmobject’ exception * * * In contrast to the line of cases beginning with Flanagan v Mount Eden Gen. Hosp. (24 NY2d 427), the instant case does not rest solely on the presence of a foreign object left within petitioner’s body, but is founded exclusively upon diagnostic judgment or discretion.”
Similarly, in Reyes v City of New York (NYLJ, Jan. 15, 1981, p 10, col 7), the court held that the “foreign object” exclusion did not apply to defendant’s failure to discover and remove a piece of glass from a victim of an automobile accident.
The fact that the foreign object in this case was introduced into plaintiff’s body by a doctor, rather than as a result of an accident as in Reyes, or by the plaintiff himself, as in Soto, does not present a sufficient basis for distinguishing the reasoning applied in those cases.
Hence, this is a case involving alleged misdiagnosis and/or improper follow-up treatment and, as such, is untimely. Defendant’s motion to dismiss pursuant to CPLR 3212 is, therefore, granted.