OPINION OF THE COURT
Arthur Cooperman, J.
In this medical malpractice action, defendant moves to dismiss upon the ground that plaintiff’s action was not commenced within the time allowed therefor.
The question this court is being asked to resolve is whether a piece of glass left in a patient’s hand after an operation for its removal constitutes a foreign object within the meaning of related decisional and statutory authority.
If it does, plaintiff would be entitled to the application of an exception to the Statute of Limitations as enunciated in Flanagan v Mount Eden Gen. Hosp. (24 NY2d 427) and subsequently codified under CPLR 214-a.[1]
If not, the action which was begun in September, 1980, would be time barred since the operation performed on plaintiff at defendant’s hospital occurred on October 16, 1964 (when plaintiff was seven years old).[2]
*934 Defendant contends that this is not a “foreign object” case because the foreign object rule was designed to apply to objects placed in the patient’s body by the doctor or hospital employee and which were not removed during an operation. Since plaintiff came into defendant hospital with the glass already in her hand, defendant urges that she is precluded from taking advantage of the foreign object exception.
Plaintiff argues that this case is entitled to an exception to the ordinary time limit for suit, pursuant to the date of discovery rule outlined and formulated by the Court of Appeals in Flanagan v Mount Eden Gen. Hosp. (supra).
A brief history of the evolution of the foreign object exception to the medical malpractice Statute of Limitations (CPLR 214-a) is in order.
Prior to the Court of Appeals decision in Flanagan (supra) the courts made no distinction between foreign object and other types of medical malpractice cases, holding that in all situations the Statute of Limitations begins to run from the commission of the act. In Flanagan the Court of Appeals recognized that there was a difference “for the purpose of the Statute of Limitations, between negligent medical treatment and medication cases and cases involving negligent malpractice of physicians or hospitals in which a foreign object is left in a patient’s body” (Flanagan v Mount Eden Gen. Hosp., supra, at p 430).
It held that “where a foreign object has negligently been left in the patient’s body, the Statute of Limitations will not begin to run until the patient could have reasonably discovered the malpractice” (Flanagan v Mount Eden Gen. Hosp., supta, at p 431). The Court of Appeals grounded this exception upon four considerations: (1) discovery of the wrong is extremely difficult; (2) there is no danger of a false claim; (3) professional diagnostic judgment or discretion is not involved; and (4) there is objective evidence of malpractice.
In 1975 the Legislature enacted CPLR 214-a which, among other statutory changes, codified the holding in Flanagan (supra) to the extent that an exception to the *935 Statute of Limitations permitted commencement of a foreign object medical malpractice case within one year of the date of the discovery of the foreign object or of facts which would reasonably lead to such discovery.
In the case at bar, the plaintiff sustained an injury to her right hand when she fell on glass in 1964. On October 16, 1964, following a diagnosis indicating the presence of glass in her hand, she was operated on at defendant hospital. In 1980, plaintiff discovered a knot in the scar area of her right hand. She was advised that X rays revealed a foreign body in her hand. On August 8, 1980, glass was surgically removed from her hand.
Plaintiff urges that strict application of the Flanagan guidelines warrants a finding that the glass left in plaintiff’s hand was a foreign object. This court does not agree. Although discovery of the glass negligently left in plaintiff’s hand would be extremely difficult, making a false claim unlikely, it cannot be said that professional judgment or discretion was not involved here.
In her affidavit in opposition to defendant’s motion, plaintiff’s mother states that after the original operation to remove the glass she was advised that the operation was “successful.” In fact, the glass was not removed. A judgment had to have been made at the time of the original surgery that the hospital did all it could do for plaintiff (see Florio v Cook, 65 AD2d 548, affd 48 NY2d 792).
More compelling is the obvious thrust of the Court of Appeals decision in Flanagan (supra).
The Flanagan case involved the insertion of surgical clamps in a patient’s body. In placing New York among jurisdictions that allow a date of discovery rule for foreign objects, the court decided to follow nine other jurisdictions that allowed the rule when medically placed objects were left in patients’ bodies, e.g., sponges, hemostat, needles, wing nut (Flanagan v Mount Eden Gen. Hosp., supra, at p 431).
The rule has been continually limited to medically inserted objects and not objects plaintiffs already had in them when they presented themselves to defendants (Famulare v Huntington Hosp., 78 AD2d 547 [tooth root]; Soto v *936 Greenpoint Hosp., 76 AD2d 928 [toy in esophagus]; Florio v Cook, supra [tumor]).
Nor does this court discern any distinction between the Flanagan holding and the decisions finding intrauterine devices to be foreign objects for the purpose of imposing the date of discovery rule. Those decisions acknowledge that the initially inserted IUD’s became foreign objects when they were not removed at the time the second IUD was emplaced. However, these foreign objects nevertheless had been medically inserted (see Ooft v City of New York, 80 AD2d 888; Darragh v County of Nassau, 91 Misc 2d 53, affd 63 AD2d 1010).
When a patient seeks medical attention by reason of a nonmedically emplaced foreign object within his body, the failure of the doctor or hospital to totally remove the offending object is necessarily a matter of professional judgment or discretion (Soto v Greenpoint Hosp., supra).
It follows that the Flanagan guidelines cannot be favorably applied to plaintiffs in nonmedically emplaced foreign object medical malpractice cases.
For the foregoing reasons, the glass involved in this case does not constitute a foreign object. The exception to the Statute of Limitations does not apply. Therefore, the action is time barred.
Defendant’s motion is granted.

. The Flanagan case was decided in 1969, at a time when the Statute of Limitations was three years from the occurrence of the tort. By section 37 of chapter 109 of the Laws of 1975, the Legislature added section 214-a, establishing a two- and a half year time limit for medical malpractice cases and setting forth the foreign object exception.

. The three-year Statute of Limitations would apply since the operation herein occurred prior to the legislative enactment — and would be applied after the expiration of the infant’s period of disability.