■ MARI A. BIDETTI et al., Appellants, v ELIZABETH G. SALTER, as Executrix of HIRAM P. SALTER, JR., Deceased, Respondent. — In a medical malpractice action, plaintiffs appeal (1) from an order of the Supreme Court, Westchester County (Wood, J.), entered June 10, 1983, which granted defendant's motion to dismiss the complaint as time barred and denied as moot their cross motion for leave to serve an amended complaint and strike defendant's affirmative defenses based on lack of personal jurisdiction and the Statute of Limitations, and (2) as limited by their brief, from so much of an order of the same court, entered September 20, 1983, as, upon reargument, adhered to the original determination.

Appeal from the order entered June 10, 1983 dismissed, without costs or disbursements. That order was superseded by the order entered September 20, 1983, made upon reargument.

Order entered September 20, 1983 reversed, insofar as appealed from, on the law, without costs or disbursements, defendant's motion to dismiss the complaint as time barred denied,

and plaintiffs' cross motion granted to the extent that (1) they are given leave to serve an amended complaint and (2) defendant's affirmative defense based on lack of personal jurisdiction is stricken. Plaintiffs' amended complaint annexed to its notice of cross motion is deemed served.

This is an action alleging medical malpractice on the part of defendant's decedent. Defendant's answer interposed the affirmative defenses, *inter alia,* of lack of personal jurisdiction and the Statute of Limitations. Thereafter, defendant moved to dismiss the complaint on the ground that plaintiffs' claim was time barred (CPLR 3211 [a] [5]). Plaintiffs, in turn, cross-moved for leave to amend their complaint so as to allege that the claimed injuries were first discovered in December 1980, and for an order striking defendant's defenses based on lack of personal jurisdiction and the Statute of Limitations. Plaintiffs annexed to the cross motion papers an affidavit of service of the summons and complaint. In her opposition, defendant asserted no facts to dispute service. Special Term granted defendant's motion to dismiss and denied the cross motion as moot; upon reargument, the court adhered to its original determination. These appeals followed.

At oral argument on these appeals, the parties stipulated on the record that (1) "this Court modified the order of the court below [*sic*], by re-instating the plaintiffs' action and permitting the plaintiffs to serve an amended complaint" and (2) "[t]he only remaining issue for this Court to decide is whether the defendant shall then have the right to re-assert affirmative defenses in the amended answer".

In view of this stipulation, we need only rule with respect to the affirmative defenses. We hold that the defendant may reassert the Statute of Limitations defense in her amended answer but may not reassert a defense based on lack of personal jurisdiction.

With regard to the Statute of Limitations defense, we note that the timeliness of the instant action will ultimately depend upon the date when plaintiffs discovered, or should have discovered, the complained-of injuries (CPLR 214 [6]; *Flanagan v Mount Eden Gen. Hosp.,* 24 NY2d 427, 431). Although plaintiffs allege a discovery date of December 1980, "[t]he determination of a 'discovery date' in this case is an issue which can be ascertained primarily, if not exclusively, from plaintiffs' knowledge, and should be resolved by the trier of fact" (*Ooft v City of New York,* 80 AD2d 888). Hence, the defense based on the Statute of Limitations should not be dismissed at this juncture.

As respects the jurisdiction defense, we point out that defendant has preserved the issue by asserting it in her answer prior

to moving to dismiss the complaint pursuant to CPLR 3211 (a) (5) (*see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:56, C3211:59, pp 60, 62). Nevertheless, in opposition to plaintiffs' cross motion, defendant asserted no facts to dispute service, a prima facie case of which had been established by inclusion of an affidavit of services within the cross motion papers. Thus, inasmuch as defendant has failed to create an issue of fact, that branch of the cross motion which sought to strike the defense based on lack of personal jurisdiction must be granted (*see,* CPLR 3211 [b]; *Mitchell v Mendez,* 107 AD2d 737; *Stevens v Feitknecht,* 93 AD2d 998). Titone, J. P., Mangano, Gibbons and O'Connor, JJ., concur.