OPINION OF THE COURT
Anthony F. Shaheen, J.
I have again reviewed the papers in defendant Dr. Bauer’s above-captioned motion for summary judgment, as well as my notes from the oral argument and the applicable law.
The defendant Dr. Bauer asserts that plaintiff’s action is time barred because his last contact with the plaintiff was her annual exam on June 14, 1979, more than two and one-half years before he was served with the summons and complaint on February 19, 1982. The plaintiff opposes summary judgment claiming that her action was commenced within one year of discovery that her intrauterine device (IUD) had never been removed, and it therefore falls within the "foreign object” exception of CPLR 214-a.
A brief review of the sequence of events reveals that in August 1973 the plaintiff had a Daikon Shield intrauterine *947 device inserted by an employee of Planned Parenthood. The plaintiff apparently underwent some discomfort from the Daikon Shield and decided to have a tubal ligation performed to replace her use of the Daikon Shield. She had a presurgery consultation at Planned Parenthood on August 12, 1977 at which time she advised the nurse that she was then using an intrauterine device (the records from Planned Parenthood reflect this information). The plaintiff was led to believe that her IUD would be removed at the time of her tubal ligation. On September 26, 1977 Dr. Bauer performed the tubal ligation but never removed the IUD, despite the fact that he apparently knew of its presence. On June 14, 1979 Dr. Bauer performed an annual exam on the plaintiff and did not know at that time whether she still had a Daikon Shield. At that time, plaintiff was apparently experiencing heavy discharge and pain and soreness in the pelvic area which Dr. Bauer attributed to a back sprain. Apparently plaintiff’s pain continued until September 12, 1981 when she was admitted to the hospital, where the IUD was removed and she underwent surgery for a pelvic infection.
The plaintiff commenced her cause of action against Dr. Bauer on February 19, 1982 alleging medical malpractice for his failure to remove her IUD in 1977 and for failing to inform her of its presence in 1979. The defendant Dr. Bauer seeks dismissal of the cause of action as untimely.
The court is mindful of the learned decision of Justice Tenney in Dunaway v Ball (116 Misc 2d 409 [Jefferson County 1982]) wherein he found that the failure to detect and remove an IUD was an action for misdiagnosis and improper follow-up treatment rather than an action for medical malpractice involving a "foreign object”. Justice Tenney distinguished Dunaway from the Court of Appeals hallmark "foreign object” decision in Flanagan v Mount Eden Gen. Hosp. (24 NY2d 427) by holding that the IUD was already in the body at the time of the alleged malpractice, that the defendant was not involved in its implantation, and further that the "foreign object” (a surgical clamp) in Flanagan was placed in the plaintiff’s body without the intent that it remain there.
The facts presented herein go beyond the holding in Dunaway and are more closely analogous to those cited in Ooft v City of New York (80 AD2d 888 [2d Dept 1981]) wherein the defendant inserted a second IUD in the plaintiff without removing the first one. The court in Ooft held that the first IUD became a "foreign object” when the second IUD was *948 inserted and, accordingly, her cause of action in medical malpractice accrued when the plaintiff discovered or should have discovered the presence of the first IUD (supra, p 888). Similarly, once the plaintiff herein had a tubal ligation, her Daikon Shield IUD had no further function to perform and no longer belonged in her body. Following the rationale in Ooft (supra) and Darragh v County of Nassau (91 Misc 2d 53, affd 63 AD2d 1010), the plaintiffs Daikon Shield became a "foreign object” once Dr. Bauer performed her tubal ligation, and her cause of action accrued when she discovered, or should have discovered, the presence of the IUD (see, CPLR 214-a; Flanagan v Mount Eden Gen. Hosp., supra). Although plaintiff alleges continuing pain and soreness from at least June 14, 1979, which in retrospect may have been attributable to the presence of the Daikon Shield, she claims she first discovered the presence of the IUD on September 12, 1981 when she was admitted to the hospital for emergency surgery. The determination of a "discovery date” is an issue which should be resolved by the trier of fact (Bidetti v Salter, 108 AD2d 890, 891 [2d Dept 1985]; Ooft v City of New York, supra, p 888). As such, the plaintiff has presented a substantial question of fact which precludes summary judgment at this time, and defendant Dr. Bauer’s motion is denied.