■ Rosslyn J. Rains et al., Appellants, v Metropolitan Transportation Authority et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Harwood, J.), entered May 21, 1984, which denied their motion to strike the defendant's affirmative defenses and granted the defendants' cross motion to dismiss the complaint.

Judgment affirmed, with costs.

Special Term correctly concluded, following a hearing, that the defendants should not be estopped from asserting the Statute of Limitations as a defense. There was no evidence that the defendants' claims manager willfully intended to mislead the plaintiffs' attorney into believing that settlement negotiations were imminent. The claims manager was not aware of exactly when the limitations period expired. Absent the defendants' willful intent to mislead, the plaintiffs' estoppel claim must be rejected. (Famulare v Huntington Hosp., 78 AD2d 547; see, Simcuski v Saeli, 44 NY2d 442, 448-449). Furthermore, the plaintiffs have not established that the defendants' conduct caused them to forego commencing a timely action (see, Simcuski v Saeli, supra, p 449).

Finally, the plaintiffs have not established that they were justified in relying on the defendants' alleged representations (see, Simcuski v Saeli, supra). In sum, the plaintiffs cannot claim the shelter of the equitable estoppel doctrine (see, Rosas v Manhattan & Bronx Surface Tr. Operating Auth., 109 AD2d 647; Luka v New York City Tr. Auth., 100 AD2d 323, affd 63

NY2d 667). We have examined the plaintiffs' other contentions and find them to be without merit. Gibbons, J. P., Thompson, Brown and Weinstein, JJ., concur.