■ MICHAEL McNENNEY, Appellant, v JUDITH McNENNEY, Respondent.—Order and judgment (one paper), Supreme Court, Bronx County (Jack Turret, J.; John E. Ostermann, Special Referee), entered on or about July 3, 1989, which, *inter alia,* granted maintenance to defendant and child support, set visitation rights, fixed arrears against plaintiff, directed payment of marital assets and proportionate repayment of debts, distributed personal property and awarded counsel fees to defendant, unanimously affirmed, without costs.

The parties were married on October 6, 1984 and separated in July 1987. There is one child of the marriage, born February 24, 1987. Plaintiff earned approximately $48,000 gross salary plus bonuses in 1987 with anticipated annual increases as an investigator for the Cotton Exchange. Defendant was a secretary-typist and an administrative assistant earning

$21,000 per year but has not worked since the birth of their child. Upon separation, plaintiff voluntarily supported his wife and child by payment of $350 per week but substantially reduced these payments to $150 per week after commencing the divorce action. Defendant counterclaimed for divorce, repayment of dissipated marital assets and proportionate repayment of marital debts. A stipulation was entered into pursuant to which plaintiff agreed to pay temporary child support in the amount of $100 per week and temporary maintenance in the amount of $175 per week. Visitation was also scheduled. Plaintiff withdrew his complaint and defendant was permitted to proceed on her counterclaim for divorce. A judgment of divorce was thereafter entered and the action was referred to a Special Referee to determine all ancillary issues. After a hearing, the Referee set maintenance at $100 per week until September 1, 1990, at which time defendant is to resume full-time employment. Child support was set at $200 per week to increase to $250 per week on September 1, 1990. The Referee further awarded defendant a total of $6,900 for debt obligations and repayment of dissipated funds, one half of the after-tax proceeds of plaintiff's 401K plan, directed plaintiff to continue medical, hospital and dental coverage for the child and to continue life insurance naming the child as irrevocable beneficiary. Plaintiff was granted liberal visitation rights. An order and judgment were thereafter entered and plaintiff appealed.

Contrary to plaintiff's contention, the Referee, in his decision, sufficiently set forth the specific factors considered in rendering his award, *inter alia,* the length of the marriage, age of the parties and child, economic status of the parties, need for short-term maintenance, custody and support of the child, economic potential of the parties, the dissipation of marital assets and the repayment of debts (Domestic Relations Law § 236 [B] [5] [d]; [6] [a]; [7] [a]). To the extent not specified, the comprehensive record and extensive factual findings provide a basis for appellate review *(cf., Matter of Gulli v Gulli,* 118 AD2d 970, *on reconsideration* 123 AD2d 468). The awards for child support, maintenance, lump-sum payments and counsel fees are supported by the evidence. The Referee properly awarded defendant a one-half interest in plaintiff's 401K savings and investment plan which was treated as a marital asset and not as a pension plan. Nor was the visitation schedule which did not include overnight visits unduly limited or restricted considering the young age of the child. Finally, it was not improper to award counsel fees upon a posttrial

application without a hearing since such hearing would have been duplicative of the testimony and exhibits already introduced which were sufficient to uphold the award *(see, e.g., Griffin v Griffin,* 115 AD2d 587). Concur—Sullivan, J. P., Carro, Rosenberger and Smith, JJ.