OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered July 31, 1987 modified, on the law, by vacating the fine of $5,000 on docket number 5N323385/V and docket number 5N323386/V, thereby reducing the fine on each count to $21,000; as modified, judgment of conviction affirmed.
The Criminal Court properly denied defendant’s motion to vacate the guilty plea. The defendant corporation affirmatively acted to substitute itself for the individual defendant McEvoy, and did not challenge that substitution below. Inasmuch as the corporation chose not to appear through counsel, as required, the court at plea was authorized in entering a plea of guilty (CPL 600.20), particularly in circumstances where the corporate officer who had effected the substitution was present and acquiesced in the proceedings. The record indicates that while there were numerous adjournments of the matter over many months for the imposition of sentence, no motion was made to vacate the plea until after the People advised the defense that they would seek fines pursuant to Penal Law article 80. There is no claim of any negotiated promise with respect to the sentence, and the purported lack of knowledge on the part of defendant’s officer as to the amount of the fine which might ultimately be imposed is not, without more, sufficient to undermine the validity of the plea.
*160 With respect to the sentence, the Penal Law authorizes enhanced fines against corporations to the extent of an amount "not exceeding double the amount of the corporation’s gain from the commission of the offense” (Penal Law § 80.10 [2] [b]). The "gain”, as here pertinent, is "the amount of money or the value of property derived from the commission of the crime” (Penal Law § 80.00 [2]). In this prosecution for violations of the Building Code (Administrative Code of City of New York § C26-100.1 et seq.), the sentencing court found, after a hearing, that the refusal of defendant’s principals to make necessary repairs culminated in the collapse of a wall at the subject multiple dwelling, requiring the vacatur of the rent-regulated residential tenants. The People’s expert real estate appraiser gave testimony (credited by the court and not rebutted by an expert for the defense) as to the increase in value of the property resulting from the potential marketing of rehabilitated decontrolled units, as opposed to the value of the unimproved property occupied by protected occupants. The increase in value was then allocated on an apartment unit basis for purposes of computing defendant’s "gain” under the statute.
While defendant argues that the Criminal Court impermissibly expanded the reach of Penal Law § 80.10 by predicating the fine on defendant’s future profits or gain which had not yet been realized as of the time of sentence, we do not agree. The statute is to be broadly construed so as to achieve its intended deterrent purpose (People v Severino, 91 Misc 2d 898, affd 63 AD2d 1010). The fact that the building in question had not been sold, or vacant apartments therein rerented, did not preclude the court from calculating, upon credible opinion evidence, the then ascertainable appreciation in property values flowing from the commission of the offense. In light of the Legislature’s intent to "take the profit out of crime” by the imposition of meaningful criminal sanctions against corporate defendants (see, People v Mature Enters., 35 NY2d 520, 526 [Jasen, J., dissenting]), and the public purpose to be served by encouraging strict compliance with the building maintenance codes, the imposition of fines pursuant to Penal Law article 80 in this case was appropriate and is supported by a preponderance of the evidence (CPL 400.30 [4]).
We modify only to the extent of vacating the fixed fines of $5,000 which the court imposed in addition to the fines assessed upon the amount of defendant’s gain realized from the offense. As we read the statute, the court may impose either the fine fixed by the ordinance defendant violated or a *161 higher penalty based upon the defendant’s gain, but not both (Penal Law § 80.10 [2]; People v Mature Enters., 35 NY2d 520, 523-524, supra).
Ostrau, P. J., Sandifer and Miller, JJ., concur.