■ HARRIS GLECKMAN, Appellant, v RUTH KAPLAN, Respondent. [626 NYS2d 549] —In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Colabella, J.), entered August 4, 1993, which dismissed his cause of action for divorce on the ground of abandonment, and (2) an order of the same court, entered March 18, 1994, which directed the plaintiff to pay $23,500.58 to the defendant's former attorney.

Ordered that the orders are affirmed, with one bill of costs.

The evidence adduced at the trial established that in June 1985, after 15 years of marriage, the plaintiff loaded a car with his possessions and moved into his own apartment in Rye with a one-year lease. The plaintiff and the defendant had allegedly been quarreling, inter alia, about whether or not to adopt children. During the ensuing months of separation the pair sought counselling. In January 1986, the plaintiff, who had been having difficulties with his new landlord, sought to move back into the marital residence. The defendant testified that she wanted the plaintiff to return provided that "he was willing to work on the marriage", but that she was reluctant to receive him merely as a transient lodger. At the time the defendant was also very suspicious that the plaintiff was seeing another woman. She changed the locks on the marital residence in order to "protect" herself from the plaintiff's declared intention to simply move back in on his own terms. At no point in his testimony did the plaintiff indicate that he wished in good faith to return to the marital abode to recommence the spousal relationship. Instead, he explained that he wanted to be present in the building that he owned jointly with the defendant in order to manage and repair its three apartments.

Subsequently, the plaintiff brought this action for a divorce based upon, inter alia, abandonment, because the defendant had locked him out of the marital abode.

We conclude that the trial court did not err in dismissing the plaintiff's action on the ground that he failed to show that he had made a good-faith offer to resume the marriage after he had left the defendant and moved into his own apartment. The law is clear that the plaintiff cannot maintain an action against the defendant on abandonment grounds unless the plaintiff can demonstrate that following his own departure from the conjugal residence, he made a "good faith" offer to resume the marriage which was rejected by the defendant *(Solomon v Solomon,* 290 NY 337; *Bohmert v Bohmert,* 241 NY 446; *Seaman v Seaman,* 37 AD2d 551; *Eylman v Eylman,* 23 AD2d 495; *see also,* Domestic Relations Law § 170 [2]; Scheinkman, Practice Commentaries, McKinney's Cons Law of NY, Book 14, Domestic Relations Law § C170:7, at 606). The plaintiff's attempt to return to the marital home without evidencing his intention to reassume his marital obligations did not constitute such a "good faith" offer, and under the circumstances the conduct of the defendant in changing the locks after the plaintiff had been gone for approximately seven months was justified *(see, e.g., Butts v Butts,* 50 AD2d 584; *Yaron v Yaron,* 84 Misc 2d 644; *cf., Schine v Schine,* 31 NY2d 113).

In addition, the court did not err when, after a hearing, it directed the plaintiff to pay the defendant's former counsel $23,500.58 in outstanding attorney's fees *(see,* Domestic Relations Law § 237 [a]). The court had reserved decision on the issue before dismissing the complaint *(see, e.g., Hogan v Hogan,* 194 AD2d 520). Nor did the court err in limiting the scope of the hearing on counsel fees to the testimony of the defendant's former attorney as to the reasonable value of his services *(see, e.g., Gutin v Gutin,* 155 AD2d 586; *Price v Price,* 113 AD2d 299, *affd* 69 NY2d 8), as it had already heard extensive testimony regarding the parties' relative financial positions during the trial of the action *(see, e.g., McNenney v McNenney,* 159 AD2d 440; *Dawson v Dawson,* 152 AD2d 717). This is so notwithstanding the fact that the hearing on counsel fees was held *after* the complaint was dismissed *(see, e.g., Delgado v Delgado,* 160 AD2d 385; *Sadofsky v Sadofsky,* 78 AD2d 520). Moreover, the court did not improvidently exercise its discretion in determining the reasonable value of the wife's former counsel's services *(see, e.g., Levine v Levine,* 179 AD2d 625, 626), in view, *inter alia,* of his skill and experience, the nature of the services rendered, the time actually spent, and the relative merits of the parties' positions *(see, e.g., DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Willis v Willis,* 149 AD2d

584; *Martin v Martin,* 28 AD2d 897). Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.