■ KEITH MELENDEZ, Respondent, v CITY OF NEW YORK et al., Appellants. [671 NYS2d 758] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered on or about September 24, 1996, which, insofar as appealed from, granted plaintiff's motion to dismiss the municipal defendants' fourth affirmative defense of the Statute of Limitations and denied defendants' cross-motion for leave to amend that affirmative defense, unanimously reversed, on the law, without costs, the motion to dismiss the affirmative defense denied with leave to renew following completion of discovery, the cross-motion for leave to amend the answer granted and the answer deemed amended.

Plaintiff alleges that during the course of a surgical procedure that took place in April, 1989 at Bronx Municipal Hospital Center, a surgical sponge was negligently left inside his body, and that he did not discover the object until on or about February 7, 1994. On April 12, 1994, within 90 days of the discovery of the object, plaintiff served a notice of claim upon defendants City of New York and New York City Health and Hospitals Corporation. In November, 1994, plaintiff commenced the action. Defendant interposed its answer, asserting as its fourth affirmative defense that the claim was untimely pursuant to General Municipal Law § 50-e and section 7401 of McKinney's Unconsolidated Laws of New York (New York City Health and Hospitals Corporation Act § 20 [L 1969, ch 1016, § 1, as amended]).

Plaintiff moved to strike the fourth affirmative defense on the ground that his claim was made within one year of the discovery of the foreign object. Defendants opposed the motion, and cross-moved for leave to amend their answer so as to permit them to include a citation to General Municipal Law § 50-i.

The motion court erred both in denying defendants' motion to amend their affirmative defense and in striking that defense.

"[W]here [an] action is based upon the discovery of a foreign object in the body of the patient, the action may be commenced within one year of the date of such discovery *or of the date of discovery of facts which would reasonably lead to such discovery*, whichever is earlier" (CPLR 214-a [emphasis added]). Plaintiff's notice of claim was timely only if served within 90 days of the date on which the claim accrued (General Municipal Law § 50-e).

Plaintiff did not establish a prima facie basis for striking the affirmative defense. While plaintiff clearly stated in his affidavit that he did not find out about the sponge until February 7, 1994, the medical records he submitted in support raise a question of fact on this point (*Francisco v Maniglia*, 57 AD2d 807). Of the three submitted medical records referring to the sponge, the first, a report entitled "HISTORY AND PHYSICAL", dated February 7, 1994 (the day plaintiff was admitted to the hospital), contains a section for "MEDICAL PROBLEMS" under which is noted the following: "Prior history of hypertension. Hospitalized in 1989 secondary to multiple gunshot wounds to the chest, abdomen, and back. Surgery secondary to gunshot wound in 1989 status post tracheotomy. *Patient has a retained surgical sponge resulting from the operation*" (emphasis in original). The next page of this report, under the heading entitled "LABS" lists

various blood test results, as well as the notation, "Abdominal X ray: nonspecific gas pattern. *Surgical sponge noted*" (emphasis in original). Both references to the sponge support a possible inference that the hospital was provided with information about the sponge as part of plaintiff's medical history rather than that the sponge was discovered for the first time by the hospital. In addition, the emergency room record of February 7, 1994 lists as plaintiff's diagnosis, "Pancreatitis, prior surgery, retained sponge", and it cannot be determined whether this finding was made as a result of a test performed at the hospital or whether the hospital was informed of this information, either by plaintiff or someone else. Finally, the progress notes from February 7, 1994 prepared by a physician also refer to "[r]etain surgical sponge," but do not indicate anything further, such as when the sponge was discovered.

In sum, the documents submitted on plaintiff's motion do not definitively establish the timeliness of the action, and therefore his motion to strike defendant's affirmative defense of the Statute of Limitations should have been denied (*Francisco v Maniglia, supra; see also, Ooft v City of New York*, 80 AD2d 888 ["The determination of a 'discovery date' in this case is an issue which can be ascertained primarily, if not exclusively, from plaintiff's knowledge and should be resolved by the trier of fact"]). Because disclosure may provide more definitive information on the date the presence of the sponge was discovered, we grant leave to renew the application, if appropriate, following completion of disclosure.

Defendants' cross-motion to amend should have been granted, since such amendments are freely given in the absence of surprise or prejudice, factors not present here. Concur—Sullivan, J. P., Milonas, Williams, Mazzarelli and Saxe, JJ.