OPINION OF THE COURT
Arthur S. Hirsch, J.
The allegations forming a basis of this malpractice action are as follows:
A Saf-T-Coil intrauterine device was inserted in plaintiff by defendants at one of the city’s health centers. Some years later, between 1973 and 1975, another intrauterine device was inserted in plaintiff’s womb by defendants at the same health clinic, but the original Saf-T-Coil was not removed. In 1977, defendants’ employees at the clinic removed the second device from plaintiff. Thereafter, plaintiff experienced pain and bleeding from her cervix, was admitted to a hospital on November 30, 1979 and during surgery, the first Saf-T-Coil intrauterine device was found and removed. Plaintiff claims as a result of negligent treatment she received from defendants she has sustained injuries for which she is being presently treated.
Defendants served an answer to plaintiff’s complaint, pleading three affirmative defenses: (1) the injuries alleged were caused in whole or in part by plaintiff’s culpable conduct; (2) plaintiff has failed to state a claim upon which relief can be granted; (3) plaintiff failed to serve a timely notice of claim upon the defendant municipality.
Plaintiff now moves for an order striking all three affirmative defenses.
In support of the validity of their defenses, defendants contend that plaintiff was obligated to inform defendants that she had an intrauterine device in her womb at the time the second coil was inserted and that she was contributorily negligent in failing to impart that information to defendants. While it stretches the limits of credibility that plaintiff knew or should have known she had not one, but two, intrauterine devices implanted in her womb, nevertheless, if defendants are able to substantiate their contention, they are entitled to bring this issue to a jury and, accordingly, plaintiff’s motion to strike the first affirmative defense, designated paragraph 6 in defendants’ answer, is denied.
*881 The second and third defenses are pleaded to oppose plaintiff’s contention that the intrauterine device is a "foreign object”, the removal of which, before its replacement by a second device, lends itself to a malpractice action (see Flanagan v Mount Eden Gen. Hosp., 24 NY2d 427). Defendants assert that the intrauterine device cannot be labeled a foreign object in light of the legislative intent of excluding "fixation device or prosthetic aid or devices” from the foreign object category relative to CPLR 214-a (see, also, Weber v Scheer, 58 AD2d 520).
As to the first exclusion, the purpose and use of an intrauterine device is not related to the fixing of any organ or human part in its place in the body. Webster’s New Collegiate Dictionary’s explanation of prosthetics, the second category, as "the surgical specialties concerned with the artificial replacement of missing parts” makes it graphically clear that an intrauterine coil does not fit under the latter part of that definition. An intrauterine device replaces nothing, but is utilized to prevent the normal procreative function of the body.
In the landmark Flanagan case, in which the foreign object concept was introduced, the court held that the Statute of Limitations does not begin to run until the patient can reasonably have discovered the object. The Appellate Division in Merced v New York City Health & Hosps. Corp. (56 AD2d 553) invoked the Flanagan exception to the malpractice Statute of Limitations when a plaintiff who underwent a bilateral tubal ligation to become sterile discovered years later, upon becoming pregnant, that the operation had been negligently performed. There, the court was willing to accept the fetus as the Flanagan type "foreign object” in applying the discovery extension to the Statute of Limitations for medical malpractice. It is not unreasonable, therefore, to identify as a "foreign object” an intrauterine device in an action where it is alleged that the first device was not removed from the womb of the plaintiff when a second device was inserted. The plaintiff is thus not barred by time limitations, having entered her claim against the municipality within the required time after discovery of the original device within her body.
Tangential issues of negligence, contributory negligence and whether there was a break in causation between the negligence and the injuries are not before the court at this point in the action, but will properly be explored during trial.
For the above reasons, defendants’ affirmative defenses *882 designated as paragraphs 8 and 9 are to be stricken from defendants’ answer.