693 P.2d 1074

**Ray OGLE and Ruth Ann Ogle, husband and wife, Plaintiffs-Appellants,**

**v.**

**Edward A. DE SANO, Jr., M.D., Defendant-Respondent.**

**No. 14294.**

Court of Appeals of Idaho.

Dec. 19, 1984.

Rehearing Denied Jan. 31, 1985.
Petition for Review Denied
March 26, 1985.

874

Gus C. Anderson, Kenneth E. Lyon, Pocatello, for plaintiffs-appellants.

Gary Theo Dance, Merrill & Merrill, Pocatello, for defendant-respondent.

## ON DENIAL OF PETITION FOR REHEARING

This opinion supersedes our prior opinion issued October 31, 1984, which is hereby withdrawn.

SWANSTROM, Judge.

Ray and Ruth Ann Ogle brought this action against Edward A. DeSano, Jr., M.D., to recover damages for alleged medical malpractice or in the alternative for breach of an oral contract. Dr. DeSano moved for summary judgment pursuant to I.R.C.P. 56. The district court granted the motion, finding plaintiffs' cause of action was barred by I.C. § 5-219(4). Plaintiffs' motion to reconsider the ruling was denied and they appeal. We affirm.

Four issues are raised on appeal: first, whether an intrauterine device (I.U.D.) inadvertently left in a patient by the surgeon who had intended to remove it, is a foreign object within the meaning of I.C. § 5-219(4); second, whether the patient's complaint is barred by the statute of limitations set out in I.C. § 5-219(4); third, whether I.C. § 5-219(4) is an unconstitutional denial of equal protection under the Fourteenth Amendment of the United States Constitution and Art. 1 § 2 of the Idaho Constitution because it discriminates against a certain class of plaintiffs by unduly restricting the time frame within which they can commence an action for professional negligence; fourth, whether the statute of limi-

tation for contracts, I.C. § 5-217, is applicable?

The facts are undisputed. On March 29, 1976 Ruth Ann Ogle had Dr. DeSano insert an I.U.D. Shortly after this, Mrs. Ogle began to experience pain and developed infections. As a result, the Ogles decided the I.U.D. should be removed. On April 28, 1977 Dr. DeSano performed a laparoscopic tubal ligation and reported that he had also removed the I.U.D. However, the pain and the infections continued unabated. In November of 1978 Dr. DeSano recommended Mrs. Ogle have a hysterectomy. A second doctor was consulted in February 1979. He discovered that the I.U.D. had never been removed. On February 21, 1979 he removed the I.U.D. and performed a hysterectomy. The next day, Dr. DeSano sent Mrs. Ogle a letter telling her that her problems were caused by his mistake in not removing the I.U.D. Enclosed with the letter was a check refunding to Mrs. Ogle the cost of her tubal ligation.

The plaintiffs filed a request with the State Board of Medicine on May 2, 1980, for a hearing before a prelitigation panel. Under our statutes this step is mandatory and tolls the running of the statute of limitations to a period thirty days following completion of the prelitigation proceeding. I.C. §§ 6-1001, -1005. To simplify our discussion, we will assume May 2, 1980 was the date of commencement of this action although plaintiffs' complaint was not filed until December 22, 1980.

Idaho Code § 5-219 provides that actions for "professional malpractice or for personal injuries" are to be commenced "within two (2) years." Subsection 4, applicable here, applies this time limit to:

An action to recover damages for professional malpractice, or for an injury to the person ... provided, however, when the action is for damages arising out of the placement and inadvertent, accidental or unintentional leaving of any foreign object in the body of any person by reason of the professional malpractice of any hospital, physician or other person ... [or the fact of damages has been

fraudulently concealed (not applicable here) ] ... the same shall be deemed to accrue when the injured party knows or in the exercise of reasonable care should have been put on inquiry regarding the condition or matter complained, of; but in all other actions, whether arising from professional malpractice or otherwise, the cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of, and the limitation period shall not be extended by reason of any continuing consequences or damages resulting therefrom or any continuing professional or commercial relationship between the injured party and the alleged wrongdoer, and, provided further, that an action within the foregoing foreign object or fraudulent concealment exceptions must be commenced within one (1) year following the date of accrual as aforesaid or two (2) years following the occurrence, act or omission complained of, whichever is later.

In *Holmes v. Iwasa*, 104 Idaho 179, 182, 657 P.2d 476, 479 (1983), the Idaho Supreme Court said:

Under amended I.C. § 5–219(4), the discovery exception first recognized by this Court in *Billings v. Sisters of Mercy of Idaho*, 86 Idaho 485, 389 P.2d 224 (1964), is limited to cases involving foreign objects and fraudulent concealment. [Footnote omitted.] In all other professional malpractice actions, "the cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of ...."[1] [Footnote added.] The action must be brought within two years of that time.

To determine which of the time limits provided in the statute are applicable to the present case, we must decide if an I.U.D. is a "foreign object." The statute provides no clear, concise definition of a "foreign object." The case law in this area is sparse

and unclear. The Idaho Supreme Court has held a gauze sponge, *Billings v. Sisters of Mercy*, 86 Idaho 485, 389 P.2d 224 (1964); a surgical needle, *Stoner v. Carr*, 97 Idaho 641, 550 P.2d 259 (1976); and a fragment from a penrose drain,[2] *Reis v. Cox*, 104 Idaho 434, 660 P.2d 46 (1982), left in the patient's body from previous operations, to be foreign objects. However, small portions of a tree limb and a shirt imbedded in a patient's back, *Cook v. Soltman*, 96 Idaho 187, 525 P.2d 969 (1974); or a bullet left in a patient's body, *Johnson v. Gorton*, 94 Idaho 595, 495 P.2d 1 (1972) were not considered foreign objects. In those cases, the Court chose to find the object was not foreign because the doctor had not inserted it in the patient's body, instead he had allegedly negligently failed to remove the object in his course of treatment. Therefore, Idaho appears to distinguish between nonmedically and medically implaced foreign objects and for purposes of our statute a nonmedically implaced object is not a "foreign object."

An I.U.D. technically may be a medically implaced foreign object; however, it differs from a foreign object *negligently* left in the patient's body without the knowledge of the patient. *See e.g., Billings v. Sisters of Mercy, supra*. First, an I.U.D. is *intentionally* placed in a woman's body with her consent; second, an I.U.D. has a continuing medical function; and third, it will be removed when its function is no longer needed or desired.

Idaho Code § 5–219(4) refers to the "placement and inadvertent, accidental or unintentional leaving of any foreign object in the body of any person" not to the intentional placement of a medical device. We construe I.C. § 5–219(4) to exclude from the definition of "foreign objects" such devices deliberately placed in the body, with the patient's knowledge and consent, which are within the body intentionally. *See Darragh v. County of Nas-*

---

1. For a court-created, special exception to this rule for wrongful birth cases, *see Blake v. Cruz,* — Idaho —, 698 P.2d 315, No. 14510, Idaho Supreme Court (September 18, 1984).

2. A penrose drain is a small cylindrical shaped drain composed of tubing containing a length of absorbent gauze. It is used to prevent the accumulation of fluids.

sau, 397 N.Y.S.2d 553, 91 Misc.2d 53 (1977). Normally, an I.U.D. *in situ*, will not be considered a foreign object under I.C. § 5–219(4).

■ In the case before us Mrs. Ogle developed serious medical problems with her use of an I.U.D. She then chose to have a tubal ligation and to have the I.U.D. removed. The doctor failed to remove the I.U.D., yet he told Mrs. Ogle it had been removed. If an I.U.D. is negligently left in the body, after the surgeon represents to the patient that it has been removed, the I.U.D. is no longer deliberately or intentionally within the body. It is inadvertently or unintentionally *left* in the body. Its continued presence in the body may, as here, become medically contraindicated. Under these circumstances, we hold that the I.U.D. then becomes a foreign object within I.C. § 5–219(4). *See Reyes v. Anka Research Ltd.*, 443 N.Y.S.2d 595, 111 Misc.2d 152 (1981) (an I.U.D. negligently left in the body is a foreign object and action accrues at the time of reasonable discovery of the object and the malpractice); *Ooft v. City of New York*, 429 N.Y.S.2d 376, 104 Misc.2d 879 (1980) ("discovery" extension of limitation statute in cases involving foreign objects applies in situation where second I.U.D. is inserted in patient without first removing previously inserted I.U.D.); *Darragh v. County of Nassau, supra*, (a first I.U.D. was considered a foreign object after the date it was supposed to have been removed before a second I.U.D. was inserted); *Newberry v. Tarvin*, 594 S.W.2d 204 (Tex.Civ.App.1980) (a negligently inserted I.U.D., which became lost in the patient's body necessitating surgery to locate and remove, was considered a foreign object).[3]

Idaho Code § 5–219(4) establishes a general statute of limitation which runs for two years from the time of the occurrence, act or omission of the malpractice without regard to when it was discovered. *Holmes*

*v. Iwasa, supra.* If the foreign object exception applies, the cause of action can be brought either within two years of the date of occurrence or within one year of the date of discovery of the malpractice by the plaintiff. Applying the statute to the facts of the case, the plaintiffs were required to commence their cause of action either (1) within two years of the occurrence, act or omission complained of; or (2) within one year of the discovery date.

■ The " 'condition or matter complained of,' " has been construed to mean "the condition which ultimately is alleged to constitute the malpractice or negligence of the doctor, i.e., in this instance the leaving of a foreign object in her body." *Reis v. Cos*, 104 Idaho 434, 438, 660 P.2d 46, 50 (1982). The *Reis* decision involved a penrose drain which, like the I.U.D. in this case, was purposely implanted in the patient's body to accomplish a desired result. The edge of the drain broke off and was not properly identified and removed by the physician as intended. The Supreme Court clearly held that the action accrued when the foreign object, the penrose drain, was left in the patient's body. Thus, in this action, the physician's failure to remove the I.U.D. during Mrs. Ogle's tubal ligation on April 28, 1977 establishes the "time of the occurrence, act or omission complained of." However, the "date of accrual" under the discovery rule will be February 21, 1979, the day the I.U.D. was discovered and removed. Thus, plaintiffs did not have to commence their cause of action within two years from the omission complained of, that is, by April 28, 1979. Their action was not barred until February 21, 1980, one year after the I.U.D. was discovered. However, since the suit was not commenced until May 2, 1980—three years after the negligent act and fourteen and one-half months after discovery of the I.U.D.—

---

**3.** In connection with their petition for rehearing appellants argue that this and other Texas cases provide support for this court to adopt a two-year discovery exception in the present case. However, Texas lacks the explicit statute we have in I.C. § 5–219(4) and the Texas courts were not restricted in their efforts to fashion a discovery exception that was missing from the Texas statute. Accordingly, the Texas cases are inapposite for the proposition urged by appellants.

plaintiffs' cause of action is barred by I.C. § 5–219(4).

▄ Plaintiffs assert that I.C. § 5–219(4) is unconstitutional because it violates the equal protection clause of the fourteenth amendment and Article 1, § 2 of the Idaho Constitution. They base this argument on the premise that an I.U.D. is not a foreign object and therefore not subject to the discovery rule. If the discovery rule did not apply, the cause of action would have accrued on April 28, 1977 when the physician failed to remove the I.U.D. However, because plaintiffs did not learn of this failure until February 21, 1979, they would have had only two months in which to file a claim for medical malpractice. The plaintiffs maintain that if the statute had operated this way in the present case it would have impermissibly discriminated between medical malpractice claimants whose cause of action was based on "foreign objects" or "fraudulent concealment" theories, and those plaintiffs whose claims did not involve a foreign object or fraudulent concealment. The first class would always have at least a year in which to bring their actions after discovery of the negligence. The second class, however, might not discover the negligence until the two-year period from the act or omission had expired, leaving no opportunity for an action to be brought. Thus, the plaintiffs argue the statute unconstitutionally discriminates against some negligently treated patients by depriving them of the right to commence a cause of action because they were unaware of the negligent conduct until after the statute of limitations had run. We need not, and do not, decide the merits of that argument.[4] Because we have held that the I.U.D. in this case was a foreign object, and that the discovery rule was applicable, the plaintiffs are not in the aggrieved class of litigants and therefore they have no standing to challenge the constitutionality of the statute.

▄ Additionally, plaintiffs assert that they are entitled to a four-year statute of limitations applicable to oral contracts. I.C. § 5–217. They base this argument upon the agreement Mrs. Ogle had with Dr. DeSano to remove the I.U.D. for a fee, which the doctor failed to do. If I.C. § 5–217 was applicable, the action was commenced well within the four-year period. However, the Idaho Supreme Court has repeatedly rejected the argument that a cause of action presented in malpractice is a contract action. *Trimming v. Howard*, 52 Idaho 412, 16 P.2d 661 (1932) held the gist of a malpractice action to be negligence, not a breach of contract of employment. *See also Billings v. Sisters of Mercy, supra.* Therefore, we must reject plaintiffs' argument for relief based on breach of contract.

Finally, on their petition for rehearing, appellants urge we should rule that the two year statute of limitations does not run while there exists an on going physician-patient relationship. In support of this argument appellants cite cases from California

---

4. We will note plaintiffs' argument has succeeded in Colorado, *Austin v. Litvak*, 682 P.2d 41 (Colo.1984) (three-year statute of repose, providing no medical malpractice action could be filed more than three years after act or omission which gave rise to claim, violated state equal protection guarantee insofar as it applied to persons whose claims were pursued on negligent misdiagnosis); and in New Hampshire, *Carson v. Maurer*, 120 N.H. 925, 424 A.2d 825 (1980) (R.S.A. 507–CA: 4 (Supp.1979) was held invalid because it was unavailable to all medical malpractice patients except those whose actions are based upon discovery of a foreign object in a patient's body). However, similar statutes have been held constitutional in Georgia, *Allrid v. Emory University*, 249 Ga. 35, 285 S.E.2d 521 (1982) (separate classification of medical mal-

practice actions so as to provide an exception to limitations of actions for situations involving only foreign objects is not an "arbitrary classification" violative of the equal protection clause) and in Missouri, *Ross v. Kansas City General Hospital and Medical Center*, 608 S.W.2d 397 (Mo.1980) (statute of limitations requiring actions for medical malpractice to be brought within two years of negligent act, except when negligence involves leaving foreign object in body, in which case action must be brought within two years of date of discovery does not distinguish between classes of claimants without any reasonable basis, nor is any distinction drawn between members within each class, and, therefore, statute does not violate equal protection).

and Washington dealing with statutes that have since been amended. It is clear that the present Idaho statute, I.C. § 5–219(4), expressly prohibits extending the limitation period by reason of "any continuing professional ... relationship between the injured party and the alleged wrongdoer."

Accordingly, we hold that plaintiffs' cause of action is barred by I.C. § 5–219(4). We affirm the district court's granting of summary judgment. Costs to respondent, DeSano. No attorney fees on appeal.

WALTERS, C.J., and BURNETT, J., concur.