725 P.2d 179

**Michael J. WRIGHT,
Claimant-Respondent,**

v.

**Gregory WILLER and Jane Doe Willer,
dba/North Shore Lodge,
Employer-Defendant-Appellant.**

**No. 15956.**

Supreme Court of Idaho.

Sept. 8, 1986.

Bruce S. Bistline, Klaus Wiebe, and Amy Schipper Howe, Boise, for employer-defendant-appellant.

Dennis L. Cain, Boise, for claimant-respondent.

DONALDSON, Chief Justice.

This is an appeal by Gregory Willer, dba the North Shore Lodge located on Warm Lake, from an Industrial Commission order denying his motion to vacate a default judgment and his motion for reconsideration, because they were not timely filed. For the reasons set forth below, we reverse and remand the order of the Industrial Commission.

Claimant, Michael Wright, was employed by Willer at the North Shore Lodge in June of 1984. On the evening of July 3, 1984, Wright was directed by Willer to drive to Cascade, Idaho, in Willer's leased vehicle to purchase supplies for the lodge. Wright was accompanied by another employee, Robert Walker. On their return to the lodge, the vehicle, which was being driven by Wright, left the roadway and Wright suffered serious injuries.

According to Wright, once he and Walker completed their errands in Cascade, they filled the car with gas and went to a lounge for a drink. At approximately midnight, he left Cascade and began his return trip to the lodge. He testified that as the result of injuries suffered in the accident he had no recollection of the events surrounding the accident. He further testified that he only consumed one or two beers and was not intoxicated when he left the lounge.

Following the accident, Wright made a demand for worker's compensation benefits from Willer. When Willer refused his demand, Wright filed an application for hearing with the Industrial Commission. A copy of the application was sent to Willer at the address for Idaho Produce, a Boise business operated by Willer. The copy was sent through the normal mail channels and not by registered or certified mail. Willer subsequently claimed he never received the application.

When Willer did not file an answer within the 20 days provided for in the application, Wright requested that the matter be set for a hearing on a default basis. The commission entered an order of default on December 7, 1984. An uncontested default hearing was held before a referee on January 10, 1985. The commission subsequently adopted the referee's findings of fact and conclusions of law and, on January 30, 1985, entered an award to Wright of $45,-344.08. A copy of the findings and conclusions were sent to Willer at the Idaho Produce address, again through the normal mail channels.

On February 19, 1985, Willer mailed a motion to vacate the default judgment and a motion for reconsideration to the Industrial Commission. The motions were filed with the commission on February 20, 1985. Industrial Commission Rule VIII(c) provides that an application to set aside a default award must be "made within 20 days of the date thereof." I.C. § 72–718 provides that a party may move for reconsideration or rehearing of an Industrial Commission decision "within 20 days from the date of filing...." Willer's motion was *mailed* 20 days after the date of entry of the award but was *filed* with the commission 21 days after. The commission determined that the motions were not made until they were actually filed, and therefore denied Willer's motions on the grounds that they were untimely. Willer appeals from that decision and argues that the motions were made on the date they were mailed, which is within the 20-day period.

The issue on appeal is whether Willer's motions to vacate the default judgment and for reconsideration were timely made. The applicable code section is I.C. § 72–718 which states:

"A decision of the commission, in the absence of fraud, shall be final and conclusive as to all matters adjudicated by the commission upon filing the decision

in the office of the commission; provided, within (20) days from the date of filing the decision any party may move for reconsideration or rehearing of the decision, . . . ."

Further, the Industrial Commission's own Rule VIII(c) states in pertinent part:

"For good cause shown the Commission may set aside an award or judgment by default. An application to set aside the award or judgment must be made within 20 days of the date thereof."

Wright interprets the statute and regulation to read that a motion can never be valid until it has been *filed* with the commission. He argues that despite the language which states that the motions to set aside the award and to reconsider must be *made* within 20 days; these motions are not valid unless they have been *filed* within 20 days. In other words, "move" and "made" are synonymous with "file". We disagree. Other statutes within the Idaho Code specifically refer to the terms "file" and "move" as separate concepts. For example, the worker's compensation laws, I.C. § 72–706(1), (2), and (3) discuss the right of an employee to *make and file* an application. Also, I.C. § 72–719, which discusses modification of awards and agreements, states that an application must be *made and filed* with the commission.

 To interpret "move" and "file" as having identical meanings, would constitute mere surplusage. Statutes must be read to give effect to every word, clause and sentence. *University of Utah Hospital and Medical Center v. Bethke*, 101 Idaho 245, 611 P.2d 1030 (1980). Applying this rule to I.C. § 72–718, we hold that the terms "file" and "make" as used therein have different meanings. In the present case, Willer placed the document in the mail on February 19, twenty days after the commission's decision. At that time, the motion was "made". The motion was received and docketed by the commission on February 20, twenty-one days after the decision. At that time, the motion was "filed".

We reverse the commission's order denying Willer's motions, and remand for further proceedings consistent with this opinion.

Costs to appellants.

No attorney fees on appeal.

SHEPARD, BAKES and HUNTLEY, JJ., and McFADDEN, J. Pro Tem., concur.