727 P.2d 1136

**Betty JAMES, Plaintiff-Appellant,**

v.

**Bruce BUCK, R.D. Davis, Magic Valley Radiology Association, P.A. of Twin Falls, Magic Valley Regional Medical Center, Douglas O. Smith, M.D., and Does I Through V, Defendants-Respondents.**

No. 15874.

Supreme Court of Idaho.

July 24, 1986.

On Denial of Rehearing Nov. 5, 1986.

William K. Fletcher, of Parsons, Smith, Stone & Fletcher, Burley, for plaintiff-appellant.

Bruce R. McCallister and Jeremiah Quane (argued), Boise, for defendant-respondent Buck.

Kenneth C. Howell, of Hawley Troxell Ennis & Hawley, Boise, for defendant-respondent Davis.

Kristi Emig-Mark, of Moffatt, Thomas, Barrett & Blanton, Chartered, for defendant-respondent Magic Valley Regional Medical Center.

Gary T. Dance and D. Russell Wight (argued), Pocatello, for defendant-respondent Smith.

BISTLINE, Justice.

Betty James' husband, Andrew James, died on March 30, 1981, in Salt Lake City, Utah. He had been transferred to a hospital in that city after receiving medical attention in Idaho on March 10, 1981, at Gooding Memorial Hospital and at Magic Valley Regional Medical Center.

On March 29, 1983, one day before the applicable statute of limitations was to have run—I.C. § 5–219—James filed her claim for medical malpractice with the Idaho State Board of Medicine, as required by I.C. Title 6, Ch. 10, *et seq.* The State Board subsequently convened a prelitigation screening panel, which held hearings on June 17 and June 23, 1983. These dates

were, respectively, the 80th and 87th day after James had filed her claim with the Board.

A decision was not announced by the prelitigation screening panel until 125 days after James filed her claim. The decision was then filed with the State Board of Medicine ten days later, on August 10, 1983. James did not file her claim in district court until September 9, 1983, which was 165 days after the filing of her application for a prelitigation hearing, but thirty days after the prelitigation panel's decision was filed with the State Board of Medicine. At no time did the prelitigation screening panel summarily conclude the proceedings prior to the issuance of its recommendation.

Defendants filed a motion for summary judgment, arguing that the two-year time period of I.C. § 5–219(4) had expired. The district court agreed with the defendants, holding that they were entitled to judgment as a matter of law. The ground upon which the district court based its decision was that the applicability of I.C. § 6–1005, a statute which tolls the running of the statute of limitations while a claim is before a prelitigation panel, had terminated after 90 days, and the statute of limitations period had recommenced and expired prior to James' filing of her complaint. James appeals from this decision. We reverse the district court.

## I. INTRODUCTION

"An action to recover damages for professional malpractice, or for an injury to the person, or for the death of one caused by the wrongful act or neglect of another" must be filed within two years of the date the cause of action accrued. I.C. § 5–219(4); *Mack Financial v. Smith*, 111 Idaho 8, 720 P.2d 191, 193 (1986). Before a plaintiff can file a medical malpractice suit, however, he or she is required by statute to first file the claim with the State Board of Medicine, which then convenes a prelitiga-

tion panel. I.C. §§ 6–1001 and –1002. The prelitigation panel is composed of an attorney, a medical professional, and a layperson. I.C. § 6–1002.

The purpose of the panel is to receive evidence concerning the plaintiff's claim and, at the close of the proceedings, "provide the parties its comments and observations with respect to the dispute...." I.C. § 6–1004. The proceedings before the prelitigation panel are "informal":

> Proceedings conducted or maintained under the authority of this act shall at all times be confidential, privileged and immune from civil process and evidence of them or results, findings or determinations thereof shall be inadmissible in any civil or other action or proceeding by, against or between the parties thereto or any witness thereon. I.C. § 6–1001.

While a malpractice claim is "pending" before a prelitigation panel, and for thirty days after it renders its decision, the applicable statute of limitations is tolled. I.C. § 6–1005.[1] During the time the statute of limitations is being tolled, a plaintiff also is precluded from filing his or her action in court. I.C. § 6–1006.

I.C. § 6–1011 limits the time in which a prelitigation panel has to hear a dispute and issue findings. Specifically, § 6–1011 states in pertinent part:

> **6–1011. Limit on duration of proceedings—Panel's jurisdiction.**—There shall be no repeat or reopening of panel proceedings. In no case shall a panel retain jurisdiction of any such claim in excess of ninety (90) days from date of commencement of proceedings. If at the end of such ninety (90) day period the panel is unable to decide the issues before it, it shall summarily conclude the proceedings and the members may informally, by written communication, express to the parties their joint and several impressions and conclusions, if any, albeit the same may be tentative or

---

1. The specific language of a § 6–1005 reads as follows: "[T]he applicable statute of limitations shall be tolled and not be deemed to run during the time that such a claim is pending before such a panel and for thirty (30) days thereafter."

based upon admittedly incomplete consideration....

Defendants argue that I.C. § 6–1011 terminated the jurisdiction of the prelitigation panel 90 days after James filed her claim, and that 30 days after that date, the tolling provisions of § 6–1005 ceased operation, thus causing the two-year statute of limitations, as found in I.C. § 5–219(4), to begin running again. Because only one day was left to run on James' period to file under § 5–219(4), defendants argue that James' claim became stale on July 27, 1983; therefore, the filing of her action in district court on September 9, 1983 should be barred. For the following reasons, we reject the defendants' argument.

## II. ANALYSIS

The defendants' argument centers in the second sentence of I.C. § 6–1011, which, for convenience sake, we requote: "In no case shall a panel retain jurisdiction of any such claim in excess of ninety (90) days from date of commencement of proceedings." Taken in a vacuum, this sentence would seem to support the defendants. But there is more. Directly following the above sentence, § 6–6011 next says this:

> If at the end of such ninety (90) day period the panel *is unable to decide the issues* before it, it *shall summarily conclude the proceedings* and the members may informally, by written communication, express to the parties their joint and several impressions and conclusions, if any, albeit the same may be tentative or based upon admittedly incomplete consideration.... (Emphasis added.)

This portion of the statute establishes *conditions which must be satisfied* before the panel's jurisdiction is terminated:

(1) the panel must find itself unable to decide the issues before it; and, that being done, then

(2) the panel must summarily conclude the proceedings.

*None* of these conditions were satisfied here; there is no evidence that the panel was unable to decide the issues before it.

In fact, on August 10, 1983, the panel did in fact file a set of findings and conclusions. The decision was filed 48 days *after* the hearings before the panel were completed. Likewise, there is no evidence in the record that the panel ever summarily concluded the proceedings—the panel's filing of its findings and recommendations refutes any argument that James' claim was ever summarily concluded.

The major reason for the panel's findings not being filed until 125 days after James filed her complaint with the State Board of Medicine was *the panel's inability to finish its hearings until 87 days after James filed her prelitigation complaint* with the State Board of Medicine. There is no evidence that this 87-day delay was the fault of James.

The district court erred in focusing solely on the second sentence of I.C. § 6–1011 and in ignoring the next two sentences. This squarely contradicts general rules of statutory interpretation, which include the rule that a court must give effect to "all provisions of a statute," and "no one part should be rendered mere surplusage by" the application of one part of the statute to the exclusion of other parts. *Sterling v. Bloom*, 111 Idaho 211, 723 P.2d 755, 766 slip op., p. 20 (1986); *University of Utah Hospital and Medical Center v. Bethke*, 101 Idaho 245, 248, 611 P.2d 1030, 1033 (1980).

In addition, where two constructions of a statute of limitations or a rule which impacts directly upon such a statute are possible, courts generally prefer the construction which gives the longer period in which to prosecute the action. *Safeco Insurance Co. of America v. Honeywell*, 639 P.2d 996, 1001 (Alaska 1981); *Salavea v. City and County of Honolulu*, 55 Hawaii 216, 517 P.2d 51, 54 (1973); *Drug, Cosmetic & Beauty Trades Service, Inc. v. McFate*, 14 Ariz.App. 7, 480 P.2d 30, 32 (1971); *Juab County Dept. of Public Welfare v. Summers*, 19 Utah 2d 491, 426 P.2d 1, 3 (1967). Our interpretation of I.C. § 6–1011 today is consistent with that rule.

Our holding today also is bolstered by the very sentence upon which the defendants rely. As quoted above, I.C. § 6–1011 grants the panel 90 days' jurisdiction from "the date of commencement of proceedings." Defendants argue that the term "commencement of proceedings" refers to the date James filed her claim. James argues that the term refers to the date the panel instituted hearings on the matter. Based upon the above rule of construction concerning the interpretation of statutes of limitations, we agree with James' view. There could be no proceedings under Title 6 chapter 10 until a panel was impaneled.

The term "proceedings" as used throughout I.C. § 6–1001 *et seq.*, necessarily refers to the *hearing* before the panel. I.C. § 6–1001 states that "[f]ormal rules of evidence shall not apply and all such *proceedings* shall be expeditious and informal." I.C. § 6–1003 says that "[t]here shall be no record of such *proceedings.*" I.C. § 6–1004 discusses the "close of *proceedings,*" and the requirement of the panel at that time to provide the parties its comments and observations with respect to the dispute. I.C. § 6–1008 states that a party need not "attend and participate in the *proceedings.*" It follows, that "proceedings" in I.C. § 6–1011 likewise refers to the *hearing* before the panel. Accordingly, the 90 day period did not commence until the hearings commenced, and hence, never expired. Finally, it must be remembered that there is no panel until *after* a claim is filed and the members of the panel are appointed by the State Board. I.C. § 6–1002. Thus, the panel's 90–day jurisdiction cannot be viewed as beginning with the filing of a claim since it has not even been established yet. Under this interpretation it is readily apparent that James' complaint was filed within the necessary time limitations. Accordingly, for the foregoing reasons, we reverse the district court's ruling.

Costs to appellant; no attorney's fees.

DONALDSON, C.J., and HUNTLEY, J., concur.

SHEPARD and BAKES, JJ., concur in the result.

## ON DENIAL OF PETITION FOR REHEARING

Counsel for petitioner Bruce Buck has raised a valid point which will help rationalize the application of Idaho Code, Title 6, Chapter 10. In our previous opinion, we stated that the tolling of the medical malpractice statute of limitations, I.C. § 5–219(4), as provided for in I.C. § 6–1005, could begin only upon the commencement of hearings before the prelitigation panel, not upon the filing of a claim by an injured party. Counsel has correctly pointed out that the effect of this holding would be to extinguish Mrs. James' claim one day after she filed, well in advance of hearings by the panel.

The application of the tolling period provided in I.C. § 6–1005 requires certainty so that the rights of litigants, both plaintiffs and defendants, are protected. Both the beginning and the end of the tolling period must be clear and unambiguous. In addition, the tolling period must be applied in a manner that implements the intent of the legislature.

Regarding the beginning of the period, the twin goals of certainty and implementation of the legislative intent are satisfied by our holding that tolling begins when the injured party's claim is received by the State Board of Medicine. This establishes a date certain.

We find an indication of the legislature's intent in I.C. § 6–1007 which provides in part: "At the commencement of such proceedings and reasonably in advance of any hearing or testimony, the accused provider of health care in all cases shall be served a true copy of the claim to be prosecuted. . . ." Clearly, the legislature intended the proceedings to commence at the time of filing. Otherwise, it would not have created this gap between the commencement of proceedings and the reception of testimony or the hearing.

Although we have not yet directly addressed this issue, recent opinions of this

Court and our Court of Appeals provide additional support. In *Reis v. Cox,* 104 Idaho 434, 660 P.2d 46 (1983), then Justice Donaldson in dissent wrote:

Following this statute [I.C. § 6–1005] the proceeding will not toll the statute of limitations unless a claim is pending and a claim cannot be pending until it is received.... This rationale is consistent with I.C. § 5–228 that states an action in the courts commences 'when the complaint is filed.'

*Id.* at 441, 660 P.2d at 53.

Justice Donaldson took issue with the majority opinion, authored by then Chief Justice Bakes, which stated, in dicta,[1] that it was the sending of the injured party's complaint, not the receipt of it by the State Board of Medicine, that tolled the statute of limitations. It should be noted that neither the majority nor the minority considered the start of the hearing to be the event that triggered tolling.

In *Ogle v. DeSano,* 107 Idaho 872, 693 P.2d 1074 (Ct.App.1984), Judge Swanstrom wrote in dicta:

The plaintiffs filed a request with the State Board of Medicine on May 2, 1980, for a hearing before a prelitigation panel. Under our statutes this step is mandatory and tolls the running of the statute of limitations to a period thirty days following completion of the prelitigation proceedings.

*Id.* at 874, 693 P.2d at 1076.

■ To that extent our prior opinion is modified. Remaining unchanged is our holding that I.C. § 6–1011 establishes conditions which must be satisfied before the panel's jurisdiction is terminated. The filing of the panel's decision and recommendations with the State Board supplies a date certain from which the additional thirty-day period, provided in I.C. § 6–1005, begins to run. The importance the legislature placed on the filing of recommendations and conclusions is indicated by the

declaration of legislative intent in the 1976 Idaho Sess. Laws, ch. 278, § 1:

It is, therefore, further declared to be in the public interest to encourage nonlitigation of claims against physicians and hospitals by providing for prelitigation screening of such claims by a hearing panel as provided in this act.

Clearly, if the goal of settling claims without litigation is to be fostered, the parties must have the benefit of the panel's collective wisdom in the form of recommendations and conclusions. The additional thirty days of tolling logically is intended to provide a period in which the parties engage in settlement negotiations *after* having the benefit of the panel's recommendations.

To hold, as Buck urges us, that the 120 days run automatically in all cases, without satisfaction of the statute's two conditions, creates absurd results in this and similar cases. In this case, July 27, 1983 is the date 120 days after Mrs. James' application was received by the Board. However, through no fault of Mrs. James, the panel did not file their recommendations with the Board until August 10, 1983. Obviously, an injured party's claim should not be extinguished simply by the untimely action of the panel.

In addition, to mechanically apply the 120–day period would violate the express legislative purpose, mentioned above, of avoiding litigation if possible. If through the panel's untimely action the 120–day period ran in the course of proceedings, or even prior to the hearing, the injured party would have no choice but to file an action in district court in order to protect his or her claim. Buck's position thus encourages litigation. In addition, under these circumstances, an injured party would rush to the courthouse without the benefit of the panel's recommendations, emasculating the entire role and reason for existence of the panel.

---

1. The issue in *Reis* was a factual dispute over when the plaintiff acquired knowledge or, by the exercise of reasonable care, should have been put on inquiry regarding the accrual of her cause of action.

Therefore, we continue to hold that the date of filing of the panel's decision and recommendations with the State Board of Medicine establishes the start of the additional thirty-day tolling of the statute of limitations contemplated by our legislative scheme. If the panel is unable to decide the issues before it within 90 days, *and* it summarily concludes the proceedings, the date of filing a summary conclusion so advising the Board of Medicine and the parties shall be the date from which the additional 30 days of tolling will begin to run.

DONALDSON, C.J., and SHEPARD and HUNTLEY, JJ., concur.

BAKES, Justice, concurring specially on denial of petition for rehearing:

The Court is now correct when it concludes that it is the filing of the claim with the State Board of Medicine, not the commencement of the hearings as stated in the Court's original opinion, which tolls the running of the statute of limitations and commences the proceedings before the pre-litigation hearing panel.

As to when the tolling of the statute of limitations ends, and the statute begins to run again, there is ambiguity in the statutes. I.C. § 6–1005 provides that "the applicable statute of limitations shall be tolled and not be deemed to run during the time that such claim is pending before such panel and for thirty days thereafter." When the panel finally rendered its decision, the plaintiff filed her complaint within thirty days thereafter. Accordingly, if I.C. § 6–1005 were the only statute involved, plaintiff's complaint would have been unquestionably timely.

The question in this case is what effect is to be given to the provisions of I.C. § 6–1011, which provides:

"**6–1011. Limit on duration of proceedings—Panel's jurisdiction.**—There shall be no repeat or reopening of panel proceedings. *In no case shall a panel retain jurisdiction of any such claim in excess of ninety (90) days from date of commencement of proceedings. If at* the end of such ninety (90) day period the panel is unable to decide the issues before it, it shall summarily conclude the proceedings and the members may informally, by written communication, express to the parties their joint and several impressions and conclusions, if any, albeit the same may be tentative or based upon admittedly incomplete consideration; provided, by written agreement of all parties the jurisdiction of the panel, if it concurs therein, may be extended and the proceeding carried on for additional periods of thirty (30) days.*" (Emphasis added.)

There is no question that the claim in this case was pending before the panel longer than ninety days. The trial court concluded, with some justification, that since the panel's jurisdiction terminated at the end of ninety days from the filing of the pre-litigation hearing claim, thereafter the "claim [was no longer] pending before such a panel," within the meaning of 6–1005, and accordingly the statute of limitations began to run again. However, that interpretation would tend to frustrate the legislative intent, in cases like this one, that the parties have the benefit of the pre-litigation panel's determination for thirty days so that they can attempt an out-of-court settlement before the tolling period ends and the litigation period commences. If I were convinced that the legislature had intended the tolling period to end at the end of one hundred and twenty days regardless of the status of the pre-litigation panel's deliberations, I would vote to affirm the dismissal in this proceeding. *Streib v. Veigel*, 109 Idaho 174, 706 P.2d 63 (1985) (Bakes, J., dissenting). However, there is some doubt on this issue and, accordingly, the Court's decision today, which is weighted in favor of the proceedings of the pre-litigation panel, is supportable.

If today's decision does not accurately carry out the intention of the legislature, it should be very easy for an amendment to I.C. § 6–1005 to be made clearly pointing out that the statute is tolled during the time that "such claim is pending before

such panel and for thirty days thereafter," *but in no event longer than one hundred and twenty days from the filing of said claim.*