765 P.2d 676 (1988)
115 Idaho 165
Verla MOSS, Plaintiff-Respondent,
v.
Donald R. BJORNSON, M.D.; Idaho Falls Consolidated Hospitals, Inc., an Idaho corporation, now known as Eastern Idaho Regional Medical Center, Inc.; Jane Does I through X; and John Does I through X; Defendants-Appellants.
No. 16894.
Supreme Court of Idaho.
December 5, 1988.
*677 Holden, Kidwell, Hahn & Crapo, Idaho Falls, for defendant-appellant Bjornson. Curt R. Thomsen argued.
St. Clair, Hiller, Wood & St. Clair, Idaho Falls, for defendant-appellant Eastern Idaho Regional Medical Center, Inc. Theodore V. Wood argued.
Moffatt, Thomas, Barrett & Blanton, Boise, for amicus Idaho Medical Assn. Richard E. Hall argued.
Smith & Hancock, Rexburg, for plaintiff-respondent. J.D. Hancock argued.
BISTLINE, Justice.
This is an appeal from an order of the district court denying defendants' motion to dismiss. This Court granted defendants' motion for an interlocutory appeal. The sole question presented is whether the dismissal of a court action is mandated where a medical malpractice complaint is filed prior to plaintiff's request for a prelitigation screening panel. We hold that it does not and therefore affirm the district court.
Plaintiff Moss was undergoing surgery to replace a broken prothesis on October 4, 1984, which surgery was aborted and not completed until October 8, 1984. Moss sought damages from defendants, alleging medical malpractice in the conduct of that surgery. The statute of limitations barred the action two years thereafter. Plaintiff's complaint in the action was filed on September 29, 1986, within the two year limitation period. Thereafter, on November 14, 1986, plaintiff filed a request for a prelitigation screening panel pursuant to I.C. § 6-1001.
Idaho Code § 6-1001 provides in pertinent part:
The Idaho state board of medicine, in alleged malpractice cases involving claims for damages against physicians and surgeons practicing in the state of Idaho or against licensed acute care general hospitals operating in the state of Idaho, is directed to cooperate in providing a hearing panel in the nature of a special civil grand jury and procedure for prelitigation consideration of personal injury and wrongful death claims for damages arising out of the provision of or alleged failure to provide hospital or medical care in the state of Idaho, which proceedings shall be informal and nonbinding, but nonetheless compulsory as a condition precedent to litigation.[1]
(Emphasis added).
Defendants contend that the underscored portion of the statute mandates the dismissal of plaintiff's cause of action because the malpractice complaint was filed prior to requesting a prelitigation screening panel. Because the prelitigation screening panel is "condition precedent to litigation," so the argument goes, the action should be barred. We are not so persuaded.
Although defendants' argument has superficial appeal, I.C. § 6-1001 cannot be examined in a vacuum. It is a well-settled principle of statutory construction that statutes should not be construed to render other provisions meaningless. As stated in Westerberg v. Andrus, 114 Idaho 401, 757 P.2d 664 (1988):
[O]ur prior cases have held that statutory or constitutional provisions cannot be read in isolation, but must be interpreted in the context of the entire document. Wright v. Willer, 111 Idaho 474, 476, 725 P.2d 179, 181 (1986) (`Statutes must be read to give effect to every word, clause and sentence.'); Hartley v. Miller-Stephan, 107 Idaho 688, 690, 692 P.2d 332, 334 (1984), reh'g denied December 31, 1984 (`We will not construe a statute in a way which makes mere surplusage of the provisions included therein.'); ... Bastian v. City of Twin Falls, 104 Idaho 307, 310, 658 P.2d 978, 981 (Ct.App. 1983), petition for review denied 1983 (`The particular words of a *678 statute should be read in context; and the statute as a whole should be construed, if possible, to give meaning to all its parts in light of the legislative intent.').
114 Idaho at 403-04, 757 P.2d at 666-67. Thus, I.C. § 6-1001 must be construed along with the other statutes relating to the prelitigation panel, namely, I.C. § 6-1006.
Idaho Code § 6-1006 provides:
Stay of other court proceedings in interest of hearing before panel.  During said thirty (30) day period neither party shall commence or prosecute litigation involving the issues submitted to the panel and the district or other courts having jurisdiction of any pending such claims shall stay proceedings in the interest of the conduct of such proceedings before the panel.

(Emphasis added).
Thus, under I.C. § 6-1006, the district court is vested with authority to stay civil proceedings until the prelitigation screening panel renders its advisory opinion.[2] As a result, while filing with the screening panel is a condition precedent to proceeding with district court litigation, such as filing interrogatories or setting trial dates, it is not a condition precedent to filing an action in order to toll the statute of limitations. A contrary decision would not only render I.C. § 6-1006 superfluous, but would also contravene the settled proposition that, whenever possible, cases should be decided on the merits. E.g., Johnson v. Pioneer Title Co., 104 Idaho 727, 732, 662 P.2d 1171, 1176 (Ct.App. 1983).
Accordingly, we find no error in the district court's decision to stay the proceedings pursuant to I.C. § 6-1006. If settlement is not reached through the fruits of the prelitigation screening panel, plaintiff is entitled to pursue her cause unabated by the statute of limitations.
Order denying dismissal affirmed. Costs to respondent; no attorney fees awarded.
HUNTLEY and JOHNSON, JJ., concur.
SHEPARD, Chief Justice, dissenting.
The sole question presented is whether our medical malpractice statutes, I.C. §§ 6-1001 through 6-1013, requiring submission of a claim to a prelitigation screening panel, are a mandatory prerequisite to the filing of a court action alleging medical malpractice.
The facts before us appear straightforward. There is no assertion of lack of discovery of injury, concealment, or any other facts assertedly taking this case out of the statutory ambit.
Our legislature has stated, as a preliminary to its enactments regarding medical malpractice,
It is a declaration of the legislature that appropriate measures are required in the public interest to assure that a liability insurance market be available to physicians and hospitals in this state and that the same be available at reasonable cost, thus assuring the availability of such health care providers for the provision of care to persons in this state. It is, therefore, further declared to be in the public interest to encourage nonlitigation resolution of claims against physicians and hospitals by providing for prelitigation screening of such claims by a hearing panel as provided in this act. (emphasis added).
I.C. § 6-1001 provides in pertinent part:
The Idaho state board of medicine, in alleged malpractice cases involving claims for damages against physicians and surgeons practicing in the state of Idaho or against licensed acute care general hospitals operating in the state of Idaho, is directed to cooperate in providing a hearing panel in the nature of a *679 special civil grand jury and procedure for prelitigation consideration of personal injury and wrongful death claims for damages arising out of the provision of or alleged failure to provide hospital or medical care in the state of Idaho, which proceedings shall be informal and non-binding, but nonetheless compulsory as a condition precedent to litigation. (emphasis added).
The primary and cardinal rule of statutory construction is to give effect to the legislative intent. Carpenter v. Twin Falls County, 107 Idaho 575, 691 P.2d 1190 (1984). Statutes should be interpreted to mean what the legislature intended, and to accomplish what the legislature sought to achieve by their passage, and thus in making a determination as to the legislative intent we must examine the whole statute, policy grounds and the reasonableness of the proposed construction. Smith v. Department of Employment 100 Idaho 520, 602 P.2d 18 (1979); Summers v. Dooley, 94 Idaho 87, 481 P.2d 318 (1971). See also Smallwood v. Jeter, 42 Idaho 169, 244 P. 149 (1926).
The statutory language is clear that the procedures prior to litigation, while informal and nonbinding, are nevertheless "compulsory as a condition precedent to litigation."
This Court has affirmed the legislative requirement that a medical malpractice claim be submitted to a prelitigation panel prior to the institution of court proceedings. In James v. Buck, 111 Idaho 708, 709, 727 P.2d 1136, 1137 (1986), it was stated:
"An action to recover damages for professional malpractice, or for an injury to the person, or for the death of one caused by the wrongful act or neglect of another" must be filed within two years of the date the cause of action accrued. I.C. § 5-219(4). Mack Financial v. Smith, 111 Idaho 8, 720 P.2d 191, 193 (1986). Before a plaintiff can file a medical malpractice suit, however, he or she is required by statute to first file the claim with the State Board of Medicine, which then convenes a prelitigation panel. I.C. §§ 6-1001 and 6-1002. The prelitigation panel is composed of an attorney, a medical professional, and a lay person. I.C. § 6-1002.
The purpose of the panel is to receive evidence concerning the plaintiff's claim, and at the close of the proceedings, "provide the parties its comments and observations with respect to the dispute... ." I.C. § 6-1004. The proceedings before the prelitigation panel are "informal":
Proceedings conducted or maintained under the authority of this act shall at all times be confidential, privileged and immune from civil process and evidence of them or results, findings or determinations thereof shall be inadmissible in any civil or other action or proceeding by, against or between the parties thereto or any witness thereon. I.C. § 6-1001.
While a malpractice claim is "pending" before a prelitigation panel and for thirty days after it renders its decision, the applicable statute of limitations is tolled. I.C. § 6-1005. During the time the statute of limitations is being tolled the plaintiff also is precluded from filing his or her action in court. I.C. § 6-1006.
See also Ogle v. DeSano, 107 Idaho 872, 693 P.2d 1074 (Ct.App. 1984); Masi v. Seale, 106 Idaho 561, 682 P.2d 102 (1984).
In the instant case the record and proceedings before this Court indicate that plaintiff, for whatever reasons, failed to comply with statutorily mandated "proceedings [which] shall be informal and nonbinding, but nonetheless compulsory as a condition precedent to litigation." Hence, the filing of the action prior to meeting the statutory prerequisite was a nullity. The statute of limitation has expired. Hence, the action should be dismissed. While the result may appear harsh, the mandates of our statutes provide no alternative.
BAKES, J., concurs.
NOTES
[1] "The purpose of the [prelitigation screening] panel is to receive evidence concerning the plaintiff's claim and at the close of the proceedings provide the parties its comments and observations with respect to the dispute." James v. Buck, 111 Idaho 708, 709, 727 P.2d 1136, 1137 (1986). See also I.C. § 6-1004.
[2] Idaho Code § 6-1004 provides in pertinent part:

Advisory decisions of panel.  At the close of proceedings the panel, by majority and minority reports or by unanimous report, as the case may be, shall provide the parties its comments and observations with respect to the dispute, indicating whether the matter appears to be frivolous, meritorious or of any other particular description.