SHEPARD, Chief Justice,
dissenting.
The sole question presented is whether our medical malpractice statutes, I.C. §§ 6-1001 through 6-1013, requiring submission of a claim to a prelitigation screening panel, are a mandatory prerequisite to the filing of a court action alleging medical malpractice.
The facts before us appear straightforward. There is no assertion of lack of discovery of injury, concealment, or any other facts assertedly taking this case out of the statutory ambit.
Our legislature has stated, as a preliminary to its enactments regarding medical malpractice,
It is a declaration of the legislature that appropriate measures are required in the public interest to assure that a liability insurance market be available to physicians and hospitals in this state and that the same be available at reasonable cost, thus assuring the availability of such health care providers for the provision of care to persons in this state. It is, therefore, further declared to be in the public interest to encourage nonlitigation resolution of claims against physicians and hospitals by providing for preliti-gation screening of such claims by a hearing panel as provided in this act. (emphasis added).
I.C. § 6-1001 provides in pertinent part:
The Idaho state board of medicine, in alleged malpractice cases involving claims for damages against physicians and surgeons practicing in the state of Idaho or against licensed acute care general hospitals operating in the state of Idaho, is directed to cooperate in providing a hearing panel in the nature of a *168 special civil grand jury and procedure for prelitigation consideration of personal injury and wrongful death claims for damages arising out of the provision of or alleged failure to provide hospital or medical care in the state of Idaho, which proceedings shall be informal and nonbinding, but nonetheless compulsory as a condition precedent to litigation. (emphasis added).
The primary and cardinal rule of statutory construction is to give effect to the legislative intent. Carpenter v. Twin Falls County, 107 Idaho 575, 691 P.2d 1190 (1984). Statutes should be interpreted to mean what the legislature intended, and to accomplish what the legislature sought to achieve by their passage, and thus in making a determination as to the legislative intent we must examine the whole statute, policy grounds and the reasonableness of the proposed construction. Smith v. Department of Employment 100 Idaho 520, 602 P.2d 18 (1979); Summers v. Dooley, 94 Idaho 87, 481 P.2d 318 (1971). See also Smallwood v. Jeter, 42 Idaho 169, 244 P. 149 (1926).
The statutory language is clear that the procedures prior to litigation, while informal and nonbinding, are nevertheless “compulsory as a condition precedent to litigation.”
This Court has affirmed the legislative requirement that a medical malpractice claim be submitted to a prelitigation panel prior to the institution of court proceedings. In James v. Buck, 111 Idaho 708, 709, 727 P.2d 1136, 1137 (1986), it was stated:
“An action to recover damages for professional malpractice, or for an injury to the person, or for the death of one caused by the wrongful act or neglect of another” must be filed within two years of the date the cause of action accrued. I.C. § 5-219(4). Mack Financial v. Smith, 111 Idaho 8, 720 P.2d 191, 193 (1986). Before a plaintiff can file a medical malpractice suit, however, he or she is required by statute to first file the claim with the State Board of Medicine, which then convenes a prelitigation panel. I.C. §§ 6-1001 and 6-1002. The prelitigation panel is composed of an attorney, a medical professional, and a lay person. I.C. § 6-1002.
The purpose of the panel is to receive evidence concerning the plaintiffs claim, and at the close of the proceedings, “provide the parties its comments and observations with respect to the dispute.... ” I.C. § 6-1004. The proceedings before the prelitigation panel are “informal”:
Proceedings conducted or maintained under the authority of this act shall at all times be confidential, privileged and immune from civil process and evidence of them or results, findings or determinations thereof shall be inadmissible in any civil or other action or proceeding by, against or between the parties thereto or any witness thereon. I.C. § 6-1001.
While a malpractice claim is “pending” before a prelitigation panel and for thirty days after it renders its decision, the applicable statute of limitations is tolled. I.C. § 6-1005. During the time the statute of limitations is being tolled the plaintiff also is precluded from filing his or her action in court. I.C. § 6-1006.
See also Ogle v. DeSano, 107 Idaho 872, 693 P.2d 1074 (Ct.App.1984); Masi v. Seale, 106 Idaho 561, 682 P.2d 102 (1984).
In the instant case the record and proceedings before this Court indicate that plaintiff, for whatever reasons, failed to comply with statutorily mandated “proceedings [which] shall be informal and nonbinding, but nonetheless compulsory as a condition precedent to litigation.” Hence, the filing of the action prior to meeting the statutory prerequisite was a nullity. The statute of limitation has expired. Hence, the action should be dismissed. While the result may appear harsh, the mandates of our statutes provide no alternative.
BAKES, J., concurs.