■ LINDA A. SZAKALSKI, Formerly Known as LINDA LEE, Respondent, v RICHARD H. AUBRY, Appellant, et al., Defendant.—Order insofar as appealed from unanimously reversed on the law without costs and appellant's motion to dismiss granted. Memorandum: Plaintiff was attended by defendant Dr. Aubry at the Perinatal Center at Upstate Medical Center for insertion of an intrauterine device (IUD) in April 1981. Plaintiff subsequently became pregnant and was told by another physician whom plaintiff could not identify that she had probably expelled the IUD. Plaintiff's last visit with defendant was September 1982. In October 1984 plaintiff was hospitalized for surgical removal of a pelvic mass. The IUD was contained within the mass and, in the opinion of the surgeon, was responsible for its formation. Plaintiff commenced this medical malpractice action in October 1985, more than two years and six months from implantation of the IUD, but less than one year after discovery of the IUD within the pelvic mass. Defendant raised the Statute of Limitations in his answer and subsequently moved to dismiss pursuant to CPLR 3211 (a) (5). He argued that the action was not commenced

within 2½ years from his last treatment of plaintiff as required by CPLR 214-a. Plaintiff argued that the IUD was transformed from a fixation device to a foreign object and that the action was commenced within one year from discovery of the object. The court denied the motion.

Supreme Court erred in denying defendant's motion. The foreign object discovery rule does not apply to fixation devices which are intentionally implanted within a person's body (CPLR 214-a; *Mitchell v Abitol,* 130 AD2d 633; *see also, Goldsmith v Howmedica, Inc.,* 67 NY2d 120, 123). We need not reach plaintiff's argument that the fixation device was transformed into a foreign object *(see, Sternberg v Gardstein,* 120 AD2d 93; *Ooft v City of New York,* 80 AD2d 888, *affg* 104 Misc 2d 879), since plaintiff offered no proof connecting defendant with any alleged transformation. Indeed, plaintiff offered no proof that defendant treated her after September 1982. (Appeal from order of Supreme Court, Onondaga County, Mordue, J.—dismiss complaint.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.