807 P.2d 645

**James W. LATHAM,
Plaintiff–Appellant,**

v.

**HANEY SEED COMPANY, a corporation, Defendant–Respondent.**

No. 17512.

Court of Appeals of Idaho.

June 1, 1990.

Petition for Review Granted
July 31, 1990.

Webb, Burton, Carlson, Pedersen & Webb, Twin Falls, for plaintiff-appellant. Lloyd J. Webb argued.

Holland & Hart, Langroise, Sullivan, Boise, for defendant-respondent. Debra K. Ellers argued.

Before WALTERS, C.J., SWANSTROM, J., and BENGSTON, J., Pro Tem.

PER CURIAM.

James Latham appeals from the summary judgment barring his claim to the benefits of two life insurance policies purchased for him by his former employer. The district court dismissed Latham's suit because the two-year limitation period applicable to collection of wages had passed. I.C. § 45–608. We will address whether the insurance benefits sought by Latham are "wages" as defined by I.C. § 45–609(3) and whether the employment contracts fall under the statute of limitation provision of I.C. § 45–608. For the following reasons, we vacate the judgment and remand the case for further proceedings.

Summary judgment is proper when genuine issues of material fact are absent and the case can be decided as a matter of law. I.R.C.P. 56(c); *Moss v. Mid–American Fire and Marine Ins. Co.*, 103 Idaho 298, 647 P.2d 754 (1982). We exercise free review over the legal question of whether life insurance falls under the "wages" definition of I.C. § 45–609(3). For the purposes of the summary judgment motion, we accept the district court's statement of the facts to be as follows.

James Latham entered into employment contracts with Haney Seed Company (Haney Seed) in 1971 and in 1973. In each contract Haney Seed agreed to purchase a $50,000 ordinary life insurance policy naming Latham as the insured, "in consideration of the employee's [Latham] continued employment with employer [Haney Seed]." The policies were to be paid in a number of different ways, depending upon the contingencies involved. Latham has alleged that, according to the contracts, if Haney Seed terminated his employment, he would have the option to continue the policies in force or to receive the cash surrender value. Latham alleges that Haney Seed breached this agreement after discharging him on August 8, 1983.

Latham filed this action to recover damages for the face amount of the two policies. The district court granted Haney Seed's motion for summary judgment, dismissing Latham's complaint with prejudice for failure to file within two years of the accrual of the cause of action. Latham appealed. Later, acting on Latham's motion, the Supreme Court suspended the appeal and remanded the case so the district court could reconsider its decision in light of *Whitlock v. Haney Seed Co.*, 114 Idaho 628, 759 P.2d 919 (Ct.App.1988). The result remained unchanged. Ultimately, Latham's appeal was assigned to this Court.

Idaho Code § 45–609(3) defines "wages" as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece or commission basis." On remand the district court held that the insurance benefits claimed by Latham fell within this definition. We disagree. *Whitlock, supra,* specifically addresses this issue and holds that life insurance benefits are not synonymous with "wages." *Whitlock* states:

> We do not believe this language encompasses the cash value of a life insurance policy payable to an employee where, as here, the proceeds of the policy were to be paid to the employee at retirement or to his heirs upon his death. The policy is a fixed benefit of employment status. As such, it is compensatory in a generic sense; but it is not compensation earned in increments as services are performed. In this respect it is unlike wages. It is also unlike compensation paid in direct consideration of services rendered, in amounts over and above an employee's regular "paychecks."

114 Idaho at 634–35, 759 P.2d at 925–26. *Whitlock* involved a suit against Haney Seed for breach of an employment contract virtually identical to the employment contracts entered into between Latham and Haney Seed. Whitlock's claim was based on a statute allowing treble damages for unpaid "wages." On appeal, this Court upheld the judgment awarding Whitlock treble damages for vacation pay and reversed the treble damage award for the cash value of the life insurance policy.

We have found no other cases from Idaho or other jurisdictions that have treated life insurance benefits as "wages." *See Southwest Architectural Prod. v. Smith,* 4 Va.App. 474, 358 S.E.2d 745 (1987) (employer-paid fringe benefits, including insurance, retirement and profit sharing plans, are not part of the wage contract); *In re Erie Lackawanna Ry. Co.,* 548 F.2d 621 (6th Cir.1977) (group life insurance coverage as administrative expense).

Haney Seed cites *Johnson v. Allied Stores Corp.,* 106 Idaho 363, 679 P.2d 640 (1984) and *Thomas v. Ballou–Latimer Drug Co.,* 92 Idaho 337, 442 P.2d 747 (1968) for the proposition that bargained for employment benefits fall under I.C. § 45–608. *Johnson* allowed severance pay and *Thomas* allowed an employee bonus based on the employer's net profit to be applicable under the statute. However, bonuses and severance pay are unlike life insurance benefits because insurance is more like a gratuity. *Cf. Owens v. Press Publishing Co.,* 20 N.J. 537, 120 A.2d 442 (1956) (severance pay is not a mere gratuity). Accordingly, we hold, pursuant to *Whitlock, supra,* the cash value of life insurance benefits does not fall under the definition of "wages" as set forth in I.C. § 45–609(3).

■ Next, Haney Seed argues that even if the life insurance policies are not "wages," the two-year statute of limitation provided in I.C. § 45–608 still applies. This statute provides in part as follows:

> Any person shall have the right to collect salary, wages, overtime compensation, penalties and liquidated damages provided by any law or pursuant to a contract of employment, but any action thereon shall be commenced in a court of competent jurisdiction within two (2) years after the cause of action shall have accrued....

Haney Seed contends that this is a special statute of limitation governing all claims—such as Latham's—which arise from a "contract of employment." Accordingly, Haney Seed argues, even though benefits of a life insurance policy have been held not to be "wages," the term "liquidated damages" in this statute can

and should be construed to include such benefits. On the other hand, Latham argues that because life insurance benefits are not specifically enumerated in I.C. § 45–608, the general statute of limitation, I.C. § 5–216, allowing an action on a written contract within five years, applies instead. Both arguments center around the effect of yet another statute, I.C. § 5–201:

> Civil actions can only be commenced within the periods prescribed in this chapter after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute.

■ Statutes of limitation prescribing a relatively short period of time in which to commence an action are usually construed narrowly to give the party a fair opportunity to present the claim. *Safeco Ins. Co. of America v. Honeywell,* 639 P.2d 996 (Alaska 1981). *See also Thiel v. Taurus Drilling Ltd.,* 218 Mont. 201, 710 P.2d 33 (1985) (longest of two conflicting statutes of limitation shall apply). In Idaho our Supreme Court has held that "where two constructions of a statute of limitation or a rule which impacts directly upon such a statute are possible, courts generally prefer the construction which gives the longer period in which to prosecute the action." *James v. Buck,* 111 Idaho 708, 710, 727 P.2d 1136, 1138 (1986). *See also* 3A SUTHERLAND STAT. CONST. § 70.03, pp. 493–94 (4th ed. 1986).

Haney Seed argues *James* is inapplicable because, in that case, "no issue existed as to what statute of limitation applied to plaintiff's claim for medical malpractice." We disagree. In *James,* the dispute turned on which of two statutes would operate to preclude a medical malpractice claim. The holding in *James*—that the longer of two constructions of a statute of limitation is preferred—is directly applicable to the present case.

Applying these concepts, we believe that I.C. § 608 should be construed narrowly. Although it is a special statute applicable to most contracts of employment, none of its enumerated categories clearly includes the life insurance benefits which Haney

Seed was to provide to Latham. We have been shown no persuasive reason why we should "modernize" the statutory language to encompass all forms of employer promised inducements and rewards. In our view, the decision to extend the statute to include other categories of benefits—such as life insurance—lies within the province of the legislature. *See Mix v. Gem Investors, Inc.,* 103 Idaho 355, 647 P.2d 811 (Ct.App.1982).

Accordingly, we hold that Latham's pleaded cause of action falls under the general five-year limitation period applicable to written contracts in I.C. § 5–216. The action was timely filed. Therefore, we vacate the summary judgment and remand the case for further proceedings consistent with this opinion.

Costs to appellant Latham. No attorney fees awarded.